### CHARLES A. WINCHESTER *vs.* DANIEL CHARTER & wife.

On a trial of the issue whether a conveyance to the grantor's wife, through a third person, was made in fraud of the grantor's creditors, the party contesting the conveyance requested a ruling "that all that was necessary to make the conveyance fraudulent, it being made without consideration, was, that the grantor was deeply indebted, even though he was not insolvent." This request the judge refused, but instructed the jury that whether a conveyance like the one in issue was fraudulent or not was a question of fact, to be determined upon all the circumstances under which it was made, and especially the condition of the grantor's property and the amount of his debts at that time; that it could not be properly adjudged that it was made in fraud of creditors, if made by a grantor possessed of large property and substantially free from debt, whose sole motive was to withdraw the estate conveyed from the hazard of business, for the benefit of his family; but it was clear that a voluntary transfer of property by a person deeply indebted, whose property was not sufficient or barely sufficient to pay his debts, would furnish strong presumptive evidence of fraud, and if unexplained would be set aside as void against creditors. *Held*, that the refusal of the request, taken in connection with the instructions given, afforded no ground of exception.

On a trial of the issue whether a conveyance was made in fraud of the grantor's creditors, either existing or future, the fact that it was made with the consent of some of his existing creditors is a circumstance proper for the consideration of the jury.

WRIT OF ENTRY by the assignee of the estate of Daniel Charter in insolvency, to recover land in Springfield. Plea, *nul disseisin.* At the trial in the superior court, before *Vose,* J., the demandant proved a title in Daniel Charter to the demanded premises, put in evidence the assignment in insolvency, and rested his case. The tenants claimed under a deed of the premises from Henry Kennedy to Mrs. Charter, executed January 25, 1861, which they put in evidence together with a deed thereof by Daniel Charter to Kennedy, executed August 2, 1860. The demandant then, contesting the conveyances as in fraud of Daniel Charter's creditors, introduced evidence tending to prove that Daniel Charter was indebted to many persons, including his two sons, at the time he made his deed to Kennedy, and that he afterwards became further indebted; the amounts of these various debts; and the value of all his property, and the value specially of the demanded premises, at that time. The tenants also introduced evidence on the same issue, and Daniel Charter testified, among other things, "that his sons consented to his making the conveyance."

" The judge gave to the jury general instructions as to what would render the conveyance fraudulent as to existing creditors, and also as to future creditors, which were not excepted to. He also instructed the jury, among other things, that, if they should find that the conveyance under the instructions given was not fraudulent as to the other creditors of Charter, it could not properly be regarded as fraudulent as against his sons, it having been made with their knowledge and consent; to which no exception was taken.

" The demandant asked the judge to instruct the jury that all that was necessary to make the conveyance by Charter fraudulent, it being made without consideration, was, that Charter was deeply indebted, even though he was not insolvent; that actual insolvency of Charter was not required to render the conveyance void; and that the debts to the sons were to be considered in determining whether the conveyance left Charter deeply indebted, or insolvent, because, though the sons consented to the conveyance, their debts still remained against Charter, and might have been enforced against him and his remaining property.

" The judge declined to give the first branch of the instruction prayed for, and instructed the jury as follows : That whether a conveyance of this character is fraudulent or not is a question of fact, to be determined on a view of all the circumstances attendant upon the making of the grant or conveyance, especially on the condition of the grantor as to property, and as to the amount of debts which were due and owing from him at the time he undertook to dispose of his estate, or a portion thereof, by gift, or without adequate consideration. On the one hand, it could not be properly adjudged that a voluntary conveyance was fraudulent and void, either as against existing or subsequent creditors, if it was proved to have been made by a person substantially free from debt and possessed of a large amount of property, who had no purpose to hinder or delay his creditors, whose sole motive was to transfer the property to his wife or children, so that it should not remain at the hazard of business or be subjected to the risk of improvidence. On

the other hand, it would be very clear that a voluntary transfer of property by a person deeply indebted, and whose property was inadequate or barely sufficient for the payment of his debts, would furnish strong presumptive evidence of fraud, and if un explained would be set aside as void against creditors.

"After reading the second branch of the prayer for instructions to the jury, the judge said : ' I instruct you that the debts to the sons are to be considered in determining whether Charter was insolvent or deeply indebted, when the conveyance was made by him, and whether the conveyance was fraudulent or not ; but, upon the question whether fraudulent or not, they are to be considered in connection with the fact that the sons consented to the conveyance.' "

The jury found for the tenants, and the demandant alleged exceptions.

A. L. Soule, for the demandant. 1. The case found that the conveyances were both voluntary, and the evidence showed that Charter was deeply indebted when he executed his deed. The first instruction asked for ought therefore to have been given. Parkman v. Welch, 19 Pick. 231, 235, 236. The instructions given on this point were doubtless correct, but did not go far enough to inform the jury as to the rule which should govern. They were taken word for word from the opinion of the court in a case where the point under discussion was the rule applicable to a conveyance sought to be impeached by subsequent creditors, and apparently not fraudulent as to existing creditors, and where the attention of the court was not turned to making a complete and accurate statement of the law applicable to the circumstances existing in the case at bar. Winchester v. Charter, 12 Allen, 606. It is manifest, from the refusal of the judge to give the instructions prayed for, that there was, to his mind, a distinction between the law as stated by him and as stated in the prayer. The request for the instructions, and the refusal to give them as asked, could not fail to impress the jury with the idea that they were to strike a balance between the debts and the property of Daniel Charter, in order to determine whether the conveyance was fraudulent or not ; and that the rule stated in the request was not correct.

2. The second branch of the instructions asked for should have been given without modification. The debts due to the sons were to be considered by the jury in determining whether Charter was deeply indebted or not, or insolvent or not, and whether the conveyance was fraudulent or not. It made no difference as to the measure of his debts, or as to his solvency or insolvency, after his real estate was gone, whether it went with or without the assent of his sons. It threw no light on the question of fraud upon the other creditors, that the conveyance was made with the assent of the sons. The jury had already been told that, if it was made with the consent of the sons, it could not be regarded as fraudulent against them. So the question of its fraudulent character was open only as regarded the other creditors. The fact that the sons assented to the conveyance was thus suggested to the jury as controlling or affecting the inference to be drawn from the financial condition of Daniel Charter after he conveyed his land. They were told, in substance, that the fact that the conveyance was made with the assent of the sons was evidence that Daniel Charter did not intend to defraud or hinder the other creditors, and that his conveyance would not have that effect, and did not leave him deeply indebted or insolvent.

*N. A. Leonard ( G. Wells* with him,) for the tenants.

COLT, J.* It does not distinctly appear, from this bill of exceptions, whether the conveyance from Charter to Kennedy was contested as fraudulent against both existing and subsequent creditors, or only as against one of these classes. And it is not material which it was, because general instructions were given as to what would render the conveyance fraudulent as to both, which were not excepted to.

The instruction asked for in the first clause of the plaintiff's request was substantially given by the court. That which was added seems necessary in order to define what is meant by the words " deeply indebted

---

* WELLS, J., did not sit in this case.

As to the instructions asked for in the last clause, the judge gave them as requested, adding that the debts to the sons were to be considered in determining whether the conveyance was fraudulent or not, but were to be considered in connection with the fact that the sons consented to the conveyance. We do not see any error in the additional instructions. Whether a voluntary conveyance is fraudulent in any given case is a question of fact for the jury, to be determined in view of all the circumstances. And in questions of intent, great latitude is allowed. The consent of existing creditors to the conveyance sought to be impeached is one circumstance which it is proper for the jury to consider, under proper instructions. *Winchester* v. *Charter*, 12 Allen, 606 ; *S. C.* 97 Mass. 140.

*Exceptions overruled.*