ABRAM WHITE *vs.* CHARLES B. BIGELOW & others.

Suffolk.    January 30, 1891. — November 16, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Oral Promise — Consideration of Marriage — Statute of Frauds —
Memorandum.*

A bill in equity was brought by the plaintiff, as "administrator of the estate" of
his deceased wife, for his own benefit as her husband, to recover property con-
veyed by her while alive to the defendant for distribution at her death. The
plaintiff relied on her oral promise, made to induce him to marry her, that it
should at her death belong to him and his son E., and upon the unsigned frag-
ment of a letter from her, setting forth : "All I have will be yours and E.'s
when I have done with it, but I must hold it while I live. . . . Do not feel that
there is any change in my feelings towards you; indeed, am more attached to
you now than ever, but it is best for us to decide as we can hold out." The
bill set out the fragment alone, alleging that the rest was lost. *Held*, that the
ante-nuptial contract relied on was within the statute of frauds, and the written
memorandum was not sufficient to satisfy the statute. *Held, also,* that if the
bill was to be construed as seeking to obtain the property not only for the plain-
tiff's own benefit, but also as assets of his wife's estate, it was clearly bad for
multifariousness.

BILL IN EQUITY, filed in this court, for the recovery of prop-
erty conveyed by the plaintiff's intestate to the first named de-
fendant.  *Allen*, J. dismissed the bill; and the plaintiff appealed
to the full court.   The facts appear in the opinion.

The case was submitted on briefs in January, 1891, and after-
wards, in June following, was submitted on the same briefs to
all the judges.

*M. R. Thomas*, for the plaintiff.

*E. W. Hutchins & H. Wheeler*, for the defendants.

LATHROP, J.   The plaintiff brings this bill, " as he is admin-
istrator of the estate " of his deceased wife, for his own benefit
as her husband, and alleges that, before their marriage, " she,
for the purpose of inducing him to marry her, informed him of
the amount and value of her estate, and promised and agreed
with him that, if he would marry her, he should thereupon and
thereby be the owner of all of her said estate, with the privilege
on her part of retaining the management and possession of the
same for and during her natural life, for his and her benefit, and

the benefit of his son Eugene"; and that he, in consideration thereof, did marry her, but that she, in violation of her agreement, with intent to deprive him of said property, and to evade and violate the laws of the Commonwealth, made a certain indenture, a copy of which is annexed to the bill.

By the indenture, which is dated February 5, 1889, twenty-one days before her death, Sarah E. White conveyed to the defendant Bigelow certain personal property, in trust, to apply so much of the income and principal as he should see fit for her support during her life, and, on her decease, to pay her debts, and distribute the balance among the other defendants, in various amounts, as stated in the indenture.

The bill further alleges, that, in confirmation of her offer, conversation, and agreement, she wrote and signed a letter to the plaintiff, "a part of which is as follows, the remainder of said letter containing the signature having been lost": "We talked last fall. You will remember what I said about my income. All I have will be yours and Eugene's when I have done with it, but I must hold it while I live, I will do what I said in regard to business, the loan we have talked of, etc. I will go to Townsend Thursday if you wish. Please write Tuesday so that I can receive it in season. Thursday unless it actually storms, if cloudy will go. Do not feel that there is any change in my feelings towards you; indeed, am more attached to you now than ever, but it is best for us to decide as we can hold out."

The bill contains other allegations which the plaintiff contends amount to a charge of fraud and undue influence on the part of the defendants in obtaining the indenture from Sarah E. White.

The bill then alleges that the plaintiff never, at any time, assented to the execution of the indenture, or to the disposition of said estate, or any part thereof, but as administrator of said intestate's estate he has demanded the same from the defendant Bigelow, and Bigelow has refused to give it up.

The prayer of the bill is that the indenture may be decreed to be void, and that the defendants may be ordered to deliver to the plaintiff any of the estate of the intestate in their possession or control, held or claimed to be held by them under said indenture.

A general demurrer was filed to the bill, and, after the bill had been twice amended, so as to read substantially as above set forth, the demurrer was sustained, and, the plaintiff stating that he had no further amendment to offer, the bill was dismissed, with costs, and the plaintiff appealed.

Although the bill states that it is brought by the plaintiff, "as he is administrator of the estate" of his wife, it alleges that it is brought for his own benefit as her husband. It seems to us, therefore, that the plaintiff does not seek to recover the property alleged to have been conveyed by the indenture as assets of the estate of his intestate, but for his own benefit, by virtue of the alleged ante-nuptial agreement.

This agreement is alleged to have been made in consideration of marriage. The statute of frauds requires the agreement, or some note or memorandum of it, to be in writing, and signed by the party to be charged. Pub. Sts. c. 78, § 1, cl. 3. *Chase* v. *Fitz*, 132 Mass. 359. *Peck* v. *Vandemark*, 99 N. Y. 29. To satisfy the statute, the agreement or memorandum must, either by its own terms or by reference to some other writing, express with reasonable certainty all the conditions and essential elements of the bargain. See *Freeland* v. *Ritz, ante*, 257, and cases cited.

The plaintiff here relies upon an oral agreement, and upon a fragment of a letter. No action can be maintained upon the oral agreement unless the letter is a sufficient memorandum of it. But the fragment set forth is not the letter, but only a portion of it. Although the rest of the letter is alleged to have been lost, the entire contents, or the substance thereof, should be set out, that the court may see what the promise was, if any, that the intestate made.

Considering the fragment of the letter by itself, the words, "All I have will be yours and Eugene's when I have done with it, but I must hold it while I live," is the expression of an intention to give the property to the plaintiff in the future, rather than an agreement binding upon her and her estate. *Maunsell* v. *White*, 4 H. L. Cas. 1039. *Caton* v. *Caton*, L. R. 2 H. L. 127. *Maddison* v. *Alderson*, 8 App. Cas. 467. The words at the end of the fragment, "it is best for us to decide as we can hold out," also tend to show that no specific agreement was made.

In the view we have taken of the scope of the bill, it is entirely immaterial whether the defendants obtained the conveyance from the wife by fraud and undue influence or not, and we need not consider the allegations of the bill in this particular.

The allegation that his wife executed the indenture to evade and violate the laws of the Commonwealth is, for the same reason, immaterial; and it may be added that the plaintiff has not in his brief pointed out any law which he contends has been violated.

If the bill can be construed as seeking to obtain the property not only for the plaintiff's own benefit, but also as assets of his wife's estate, it is clearly bad for multifariousness.

*Decree affirmed.*