ALFRED W. PUTNAM, trustee, *vs.* ARRABELLA K.
SOUTHWORTH & another.

Suffolk.     December 2, 1907. — February 25, 1908.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, & RUGG, JJ.

*Bankruptcy.     Fraudulent Conveyance.     Mortgage.     Trust.*

In a suit in equity by a trustee in bankruptcy against the wife and the father of
the bankrupt, to recover certain real estate conveyed by the bankrupt, about
eleven months before his adjudication in bankruptcy, through a third person to
his wife and mortgaged by her to the father of the bankrupt about two weeks
before that adjudication, the judge who heard the case found that the convey-
ance was made by the bankrupt to his wife when he was insolvent with the
intent on his part to hinder, delay and defraud his creditors, that the convey-
ance was a voluntary one without consideration, and that the mortgage by the
wife to the father, purporting to secure the payment of a certain sum of money,
also was made voluntarily either because the father held an unpaid debt against
the bankrupt or for some other reason.     The mortgage was not recorded until
two days after the adjudication in bankruptcy.     The judge found that the mort-
gagee did not participate in the bankrupt's fraud and acted in good faith.     *Held*,
that the deed to the wife being intended by the grantor to defraud his creditors
and being without consideration was voidable by his creditors when it was
made and by the trustee in bankruptcy after his appointment, and that under
R. L. c. 127, § 4, as the mortgage was not recorded at the time of the adjudi-
cation in bankruptcy, the land "might have been levied upon and sold under
judicial process" by the bankrupt's creditors as having been conveyed to his
wife in fraud of creditors, and so under § 70 a, 5, of the bankruptcy act of 1898
it passed to the trustee in bankruptcy upon his appointment.

The holder of an unrecorded mortgage of land cannot claim the land as against the
trustee in bankruptcy of the mortgagor on the ground that the mortgage creates
a trust, for, if it does, an unrecorded trust concerning land, under R. L. c. 147,
§§ 1–3, is of no more effect than an unrecorded mortgage.

KNOWLTON, C. J.     This is a bill in equity brought by a trus-
tee in bankruptcy to recover certain real estate which formerly
belonged to the bankrupt and which was conveyed by him
through a third person to his wife, one of the defendants, and
by her mortgaged to the bankrupt's father, the other defendant.
The judge has found that the conveyance from the bankrupt to
his wife was made with the intent on his part to hinder, delay
and defraud his creditors, and that he was then insolvent.     The
first question is whether the plaintiff is entitled to relief as
against the wife.     If she participated in the fraud, or if the

conveyance was voluntary, the trustee, representing the creditors, may have the conveyance set aside.

Under the bankruptcy act of 1898, § 70 a, 4, the trustee is vested by operation of law with the title of the bankrupt to all " property transferred by him in fraud of his creditors," and by § 70 a, 5, to all " property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." In reference to all such property, the trustee has the same rights as an attaching creditor. The cases which assert that the trustee takes no better title than that of the bankrupt have reference only to rights " unaffected by fraud," and they except conveyances " void by some positive provision of the act." *Thompson* v. *Fairbanks*, 196 U. S. 516, 526.

The judge, who has reported " all the material facts," has made no express finding in regard to the wife's knowledge of her husband's fraudulent purpose, although, from her relations to him, and from the fact that the conveyances were not recorded for about eight months, and from other facts in the case, it might be inferred that she knew it and attempted to aid him in it. These conveyances were made on October 28, 1905, and the judge has found expressly that she " paid no consideration for the land, otherwise than that on September 22, 1906, Arrabella K. Southworth made a mortgage of this land for three thousand dollars in the usual form to William S. Southworth [the other defendant], and left it with her attorney to be recorded, but it was not recorded until October 10, 1906, two days after the adjudication of William B. Southworth in bankruptcy. William B. Southworth did not join in said mortgage." Under these findings it is plain that this was a voluntary conveyance to the wife, voidable by the husband's creditors all the time between October 28, 1905, and September 28, 1906, when this mortgage was made. There are no findings that show any change in the legal relations of the husband and wife to the property after the deed to her was made and delivered. It does not appear that there was any contract or arrangement between them in regard to the making of this mortgage, even if it were possible for a husband and wife legally to contract with each other. So far as appears, she voluntarily made the

mortgage to her father in law, either because he held an unpaid debt against her husband or for some other reason. Upon these findings the deed from her husband continued to be, as it was in the beginning, a conveyance made without consideration, with the intent on his part to hinder, delay and defraud his creditors. It was, therefore, voidable, both at that time and by his trustee in bankruptcy afterwards.

Upon the findings the agreement in writing between the bankrupt and his father, when the bankrupt acquired the title to this land, six months before he conveyed it to his wife, does not affect the title of his wife or the rights of his creditors. The same may be said of the agreement in writing between the two defendants, the bankrupt's wife and his father, made on the day of his conveyance to his wife, October 28, 1905. The findings show that the latter agreement did not enter into the transaction between the husband and his wife, whereby the property passed from him to her, and it did not affect her title. Neither of these agreements was recorded, nor produced at the hearing, and each of them was said to be lost.

The remaining question, which is reported as "*the* question in the case," is whether the mortgage is invalid as against the plaintiff because it was not recorded until after the adjudication in bankruptcy. The judge has found that the mortgagee did not participate in the bankrupt's fraud, but acted in good faith. As a *bona fide* holder for value, he took a good title, notwithstanding that the title of the mortgagor was voidable as against the creditors of her grantor. If his mortgage had been recorded before the adjudication in bankruptcy plainly it would have been good against the trustee.

But under the R. L. c. 127, § 4, a conveyance of real estate is not valid as against any one except the grantor and his heirs, devisees and those having actual notice of it, unless it is duly recorded in the registry of deeds. Under § 70 a, 5, from which we have quoted, as this land "might have been levied upon and sold under judicial process" by the bankrupt's creditors, as having been conveyed to his wife in fraud of the creditors, it passed to the trustee under the appointment. The failure to record the mortgage before the rights of creditors had attached through the adjudication in bankruptcy in their favor left the

property as it would have been if attached on mesne process before the mortgage was recorded. The statute expressly provides that "claims which for want of record or for other reasons would not have been valid liens against the claims of the creditors of the bankrupt shall not be liens against his estate." Section 67 a. Section 67 d preserves only liens, otherwise valid, "which have been recorded according to law if record thereof was necessary in order to impart notice." The property was, therefore, subject to be applied in payment of the bankrupt's debts. *Humphrey* v. *Tatman*, 198 U. S. 91. *In re Lukens*, 138 Fed. Rep. 188. *Haskell* v. *Merrill*, 179 Mass. 120. *Clark* v. *Williams*, 190 Mass. 219.

It is contended that the unrecorded agreements in writing, already referred to, subjected the land to a trust of which the mortgagee can avail himself against the trustee in bankruptcy. It does not appear that either of them was in such a form as to constitute a trust, or that it was intended to create a trust. If either of them was so intended, the failure to record it leaves the mortgagee unable to enforce it as against the trustee, for the same reason that he is unable to enforce his mortgage. R. L. c. 147, §§ 1–3.

*Decree for the plaintiff.*

*J. Everett*, for the defendants.
*A. W. Putnam, pro se*, submitted a brief.