## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

MARY E. WOODARD *vs.* ELBRIDGE G. WOODARD & others.

Franklin.   September 16, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Equity Jurisdiction,* Constructive trust, Enforcement of agreement between husband and wife, Following trust fund, To reach and apply assets fraudulently conveyed.  *Husband and Wife.  Trust,* Constructive, Following trust fund.

Where a sale is made of real and personal property belonging to a husband and wife, in which they have equal beneficial interests, and the net proceeds of the sale are received in a check payable to the husband, subject to an agreement between the husband and wife that the check shall be collected for the benefit of both of them and that the wife shall receive the portion belonging to her, this agreement, which is void at law, can be enforced in equity.

In a suit in equity by a married woman against her husband and others, to obtain the proceeds of property belonging to the plaintiff and sold by her husband and for which he agreed to account to her, if it appears that the defendant husband wrongfully appropriated the plaintiff's share of the proceeds from a sale of property belonging equally to both of them, and in order to place it beyond her reach purchased with the proceeds of the sale a parcel of land in the name of a granddaughter, without the consent or knowledge of the grantee, such voluntary transfer is voidable by the plaintiff, who is entitled to have the land applied in satisfaction of her equitable demand.

BILL IN EQUITY, inserted in a common law writ of the Superior Court dated November 24, 1909, and amended on February 28, 1910, September 17, 1910, March 4, 1911, and April 29, 1911, by Mary E. Woodard, the wife of Elbridge G. Woodard, against her

husband and other defendants, to obtain the sum of $318.50 as the proceeds of property of the plaintiff sold by her husband.

The case was referred to William A. Davenport, Esquire, as master. He filed a report and two supplementary reports in which he found among other facts those which are stated in the opinion. No exceptions to the master's report were filed. On motion of the defendants, *Fessenden,* J., made an interlocutory decree confirming the report. Later, by agreement of all the parties, he made a decree dismissing the bill as to the defendants Frank E. Woodard and Maggie E. Woodard, mentioned in the opinion. Later still, the same judge made a final decree dismissing the bill "as to defendants not already disposed of by previous orders of this [the Superior] court." The plaintiff appealed.

*F. J. Lawler,* for the plaintiff.

*C. S. Ballard & C. J. Weston,* for the defendants.

BRALEY, J. The question for decision is, whether upon the pleadings and the master's report, to which no exceptions have been taken, the plaintiff is entitled to equitable relief as to either or all of the defendants. The defendant, Elbridge G. Woodard, is the husband of the plaintiff, and, no evidence having been introduced as to the laws of the State of Vermont where the transactions out of which the controversy arises took place, we assume its common law to be the same as our own. *Callender, McAuslan & Troup Co.* v. *Flint,* 187 Mass. 104. It is plain from the master's very full and specific findings, that the plaintiff's husband fraudulently collected and retained to his own use all the moneys derived from the sale of certain real and personal property in which she is found to have had a joint and equal interest. By our decisions where husband and wife are named as such or are known to the grantor or vendor to be such, ordinarily the conveyance to them of either real or personal property creates at common law an estate by the entirety subject to the right of survivorship, by which "each is secure against an impairment of rights through the sole act of the other." *Donahue* v. *Hubbard,* 154 Mass. 537. *Phelps* v. *Simons,* 159 Mass. 415. *Boland* v. *McKowen,* 189 Mass. 563, 564. *Hoag* v. *Hoag,* 213 Mass. 50. No transfer appears to have been made directly or indirectly from one spouse to the other. The business dealings between third parties and themselves in the purchase, the sale and the mortgaging of the farms, and the purchase and sale of

live stock as set forth in the report were on the sole footing of a joint tenancy or ownership, even if for convenience the title appears to have been taken sometimes in the name of the husband and sometimes in the name of the wife. It cannot be inferred or assumed in view of the language of the report, that the plaintiff ever intended that the entire proceeds because of the marital relation should pass into his control or become his property. Nor did this defendant assert any claim thereto after the amended bill under which the case was tried had been filed. Indeed he never answered the amended bill, and the master states that he did not attend the hearings, nor was he represented by counsel, and that as to him the bill should be taken for confessed. It is also conceded in the brief for the defendants that he could not lawfully convert the amount in his possession due to the plaintiff. By the great weight of authority husband and wife, where the intention is unmistakably shown, can hold real or personal property even at common law in joint tenancy as distinguished from an estate by the entirety. *Hoag* v. *Hoag,* 213 Mass. 50, 53, and authorities cited. *Fulper* v. *Fulper,* 9 Dick. 431. *Miner* v. *Brown,* 133 N. Y. 308. *Hunt* v. *Blackburn,* 128 U. S. 464. 21 Cyc. 1198, note 74. The check for the proceeds of the final sale of the property, both real and personal, although made payable to him, was drawn subject to the mutual understanding and agreement that it should be collected and divided by both, and that the plaintiff should receive the portion belonging to her. If by reason of coverture this agreement at law was a nullity, yet in equity the actual intent and true understanding of the parties governs. *Wood* v. *Chetwood,* 17 Stew. 64, 66. 2 Story, Eq. Jur. (13th ed.) § 1373. The sale by mutual consent severed the joint ownership. *Williams* v. *Hensman,* 1 Johns. & H. 546, 557. *Edwards* v. *Champion,* 3 De G., M. & G. 202. *Palmer* v. *Rich,* [1897] 1 Ch. 134. And the money belonging to the plaintiff not having been received by her husband as his own but under an implied trust to account for it as her individual property, she can maintain the bill to recover the amount withheld if intact, or, if it is converted, to compel restitution from his own estate. *Atlantic National Bank* v. *Tavener,* 130 Mass. 407. *Frankel* v. *Frankel,* 173 Mass. 214. *Atkins* v. *Atkins,* 195 Mass. 124, 129. *Hewitt* v. *Hayes,* 204 Mass. 586. *Crosby* v. *Clem,* 209 Mass. 193, 195. *Adoue* v. *Spencer,* 18 Dick.

782, 788.  *Medsker* v. *Bonebrake*, 108 U. S. 66.  *Stickney* v. *Stickney*, 131 U. S. 227.  *Garner* v. *Second National Bank of Providence*, 151 U. S. 420.  The subsequent transactions with his son, Frank E. Woodard, as detailed in the report disclose the husband's purpose not merely wrongfully to appropriate the plaintiff's money or share, but to deprive her of all redress by placing the property beyond her reach.  But, if the son seems to have acted only as an innocent intermediary and the bill as to him and his wife, the defendant Margaret E. Woodard, was properly dismissed, the transfer and arrangements made through his agency resulted in the purchase by Elbridge G. Woodard of a parcel of real property, the title to which he caused to be taken in the name of his granddaughter, Mabel S. Woodard, the remaining defendant.  The purchase price consisting in part of the unexpended proceeds of the check which were more than enough to satisfy the plaintiff's share, also exhausted all of the husband's money, and it appears from the report that at the time he possessed no other assets.  It is further found, that the conveyance, made without the request, knowledge or consent of the grantee was intended by her grandfather as a gift in so far as "he had authority and power" to make a gift.  A voluntary transfer of this nature stripping him of his property was voidable by those to whom he then was indebted or under obligations to account for moneys fraudulently appropriated, and, Mabel S. Woodard not having been a purchaser for value, the real estate standing in her name can be reached and applied by the plaintiff in satisfaction of her equitable demands.  *Beal* v. *Warren*, 2 Gray, 447, 456.  *Winchester* v. *Charter*, 12 Allen, 606; *S. C.* 97 Mass. 140; 102 Mass. 272.  *Springfield Institution for Savings* v. *Copeland*, 160 Mass. 380, 384, 385.  *Atkins* v. *Atkins*, 195 Mass. 124, 128, 129.  *Hewitt* v. *Hayes*, 205 Mass. 356, 361, 364.  *Newell* v. *Hadley*, 206 Mass. 335.  *Wenz* v. *Pastene*, 209 Mass. 359.  *Bailey* v. *Wood*, 211 Mass. 37.

The final decree dismissing the bill as to Elbridge G. Woodard and Mabel S. Woodard, who are the sole defendants must be reversed, and a decree to be enforced against the property standing in the name of Mabel S. Woodard for the amount found due by the master with interest and costs is to be entered, but its form and terms are to be settled in the Superior Court.

*Ordered accordingly.*