MICHAEL J. SUGHRUE, executor, *vs.* FREDERICK BARLOW & others.

HELEN M. BARLOW, appellant, *vs.* SAME.

HELEN M. BARLOW *vs.* FREDERICK BARLOW.

Norfolk.   Suffolk.   June 23, 1919. — September 10, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Will*, Revocation by marriage.   *Frauds, Statute of.*

An alleged will in favor of the person who after its execution became the wife and widow of the alleged testator, and who was induced to marry him by his oral promise to make a will in her favor, is revoked under R. L. c. 135, § 9, by such subsequent marriage, if it does not appear from the alleged will that it was made in contemplation of such marriage.

Such widow cannot maintain a suit in equity to restrain an heir at law of her husband from contesting the validity of the alleged will on the ground of the subsequent marriage, because under R. L. c. 74, § 1, cl. 3, and § 6 no suit can be based on an agreement in consideration of marriage without a memorandum in writing and an agreement to make a will must be in writing.

APPEAL by one named as executor in an instrument purporting to be the will of Albert Barlow, late of Milton, from a decree of the Probate Court for the county of Norfolk refusing to allow the said instrument as the will of said Albert Barlow; also an

APPEAL by Helen M. Barlow, widow of Albert Barlow, from the same decree; also a

BILL IN EQUITY, filed in the Supreme Judicial Court on April 3, 1911, by the widow of Albert Barlow against a brother of the plaintiff's husband, who was one of his heirs at law, alleging the facts which are stated in the opinion and praying that the defendant be enjoined from contesting the allowance of the will on the ground that it was revoked by the marriage of the plaintiff and Albert Barlow after its execution.

The appeals from the decree of the Probate Court were heard by *Braley*, J., who found the facts which are stated in the opinion, and at the request of the parties reported the case for determination by the full court upon the pleadings and his findings of fact.

In the suit in equity the defendant demurred to the bill, assigning the following causes of demurrer:

"1. Because the plaintiff has not stated any cause of action nor alleged any facts which entitle her to relief in equity.

"2. Because the plaintiff does not allege that the alleged agreement set forth in the plaintiff's bill was in any way binding upon this defendant, or that he was a party thereto, or had any knowledge thereof.

"3. Because said alleged agreement set forth in the plaintiff's bill is not alleged to be in writing, and, not being in writing, is void under R. L. c. 74, § 1, cl. 3, and R. L. c. 74, § 6, and R. L. c. 153, § 26.

"4. Because, it appearing by the bill that the marriage of the plaintiff to Albert Barlow was subsequent to the making and execution of the will of said Albert Barlow, and it not appearing from the will that it was made in contemplation of marriage, said marriage acted as a revocation of said will by force of R. L. c. 135, § 9.

"5. Because the rights and remedies of the plaintiff are fully prescribed by law, and the plaintiff must resort to such."

The demurrer was argued before *Braley,* J., who made a final decree sustaining it, reciting that the plaintiff did not care to amend her bill and ordering that the bill be dismissed. The plaintiff appealed.

An order was made by *Braley,* J., that the two cases should be argued together before the full court.

The cases were submitted on briefs.

*D. J. Triggs,* for the executor and for Helen M. Barlow.

*C. F. Eldredge,* for Frederick Barlow.

RUGG, C. J. The material facts are that Albert Barlow, now deceased, in May, 1916, orally proposed marriage to the appellant, then Helen M. Burke, now his widow, promising that if she would marry him "he would make over everything to" her before the marriage, and that if he should die before marriage she would "be taken care of," and if he died after marriage she would "have everything." She accepted his proposal according to its terms. Pursuant to the agreement the deceased executed a will on May 29, 1916, whereby, after making two legacies of $5 each, the residue of his property was given to Helen M. Burke. This will was

mailed to her by the deceased on June 1, 1916, and she retained it until after his death in July, 1918. The marriage, which took place in August, 1916, was in consideration of his promise to make a will in her favor.

It is provided by R. L. c. 135, § 9, that "The marriage of a person shall act as a revocation of a will made by him previous to such marriage, unless it appears from the will that it was made in contemplation of such marriage." The words of that statute are precisely applicable to the facts of the case at bar. The will conveys no indication whatever by any of its words that it was made in contemplation of marriage and was intended by the testator to be operative notwithstanding his marriage. The statute prohibits the elucidation of the will by anything outside its four corners. The case at bar is indistinguishable from *Ingersoll* v. *Hopkins*, 170 Mass. 401, by the authority of which it is governed. The marriage of the deceased revoked his will.

The suit in equity, setting forth the agreement and performance by the plaintiff and seeking to restrain the heirs at law from contesting the validity of the will on the ground of the subsequent marriage, sets out no ground for relief in equity. An agreement to make a will must be in writing in order to be valid. R. L. c. 74, § 6. The agreement in the case at bar was not in writing and hence no action can be maintained on it. *Emery* v. *Burbank*, 163 Mass. 326. *Runyan* v. *Van Iderstine*, 230 Mass. 428.

An agreement in consideration of marriage also is unenforceable unless in writing. R. L. c. 74, § 1, cl. 3. The plaintiff must fail on this ground. *Chase* v. *Fitz*, 132 Mass. 359. *White* v. *Bigelow*, 154 Mass. 593.

> *Decree of Probate Court affirmed.*
> *Decree dismissing bill affirmed.*