## JOSEPH YOUNG *vs.* CARRIE C. YOUNG.

Essex.    November 10, 1924. — February 13, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Jurisdiction.   Husband and Wife.   Contract,* Validity.   *Frauds, Statute of.   Wills, Statute of.   Trust,* Creation, Constructive.

In a bill in equity by a husband against his wife, the plaintiff alleged in substance that he and the defendant agreed orally that he would convey certain real estate to the defendant and that they would make mutual wills, each giving all of his or her estate to the other, the survivor to inherit all the property of the deceased, including the real estate in question; that he, through a third person, then conveyed the real estate to the defendant and that the wills agreed upon were made, the wife stating in her will, "this will is made in accordance with a mutual agreement between my said husband and myself, my said husband this day executing a similar will in which he gave all his estate to me"; that later differences arose between the parties and the defendant repudiated the agreement and contended that she held the real estate free from any claim on the part of the plaintiff; that she had destroyed her will made for the plaintiff's benefit, and was in possession of the real estate.   It was further alleged that the conduct of the defendant was a fraud upon the plaintiff and that if the agreement was invalid "there has been a failure of consideration for said conveyance . . . and that the defendant now holds said premises as trustee for the plaintiff."   The prayers of the bill were that the plaintiff might be declared to be the owner of the real estate and that it be returned to him.   The defendant demurred and the demurrer was sustained in the Superior Court.   The plaintiff appealed.   *Held,* that

(1) Although the agreement between the husband and the wife could not be enforced and there was no trust, express or implied, the facts alleged disclosed an entire failure of consideration for the conveyance to the defendant;

(2) The plaintiff having no remedy at law because of the disability of coverture, equity in the circumstances would give him relief;

(3) The demurrer should be overruled.

BILL IN EQUITY, filed in the Superior Court on December 20, 1922, and described in the opinion.

The defendant demurred.   The demurrer was heard by *Lummus,* J., by whose order there were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill.   The plaintiff appealed from both decrees.

The case was submitted on briefs.

*M. L. Sullivan & W. E. Sisk,* for the plaintiff.

*H. R. Mayo & G. W. Howe,* for the defendant.

CARROLL, J.    In this suit in equity the plaintiff and defendant are husband and wife.    The plaintiff alleges that he agreed orally with the defendant to convey to her certain real estate owned by him, and they were to execute mutual wills, each giving all of his or her estate to the other, the survivor to inherit all the property of the deceased, including the real estate in question; that on February 26, 1910, in accordance with the oral agreement, the plaintiff, through a third person, conveyed the real estate to his wife and on that date each of the parties made a will, duly executed, in accordance with the agreement; that in the will of the defendant these words appear: " this will is made in accordance with a mutual agreement between my said husband and myself, my said husband this day executing a similar will in which he gave all his estate to me "; that the parties continued to occupy the premises, pursuant to the agreement; that the plaintiff has been ready and willing to carry out the terms of the agreement; that " differences have arisen between the said parties," and the defendant has repudiated the agreement and now contends that she holds the property free from any claim of the plaintiff; that she is in possession of the property and has destroyed the will executed by her in the plaintiff's favor.    It was further alleged that " the conduct of the defendant in holding said premises as above set forth is in violation of said agreement and is a fraud upon your plaintiff "; that if said agreement was invalid " there has been a failure of consideration for said conveyance . . . and that the defendant now holds said premises as trustee for the plaintiff."    The plaintiff prayed that he might be decreed to be the owner of the premises; that it be determined that the conveyance was without consideration and the deed cancelled, or, in the alternative, that the defendant be ordered to convey the real estate to the plaintiff.    The plaintiff's bill was filed December 20, 1922.    In the Superior Court the defendant demurred.    The demurrer was sustained and by final decree the bill was dismissed. The plaintiff appealed.

A married woman is not authorized to make a contract with her husband. G. L. c. 209, § 2. Such contracts are prohibited; they are void. Equity affords no relief in their enforcement. *National Granite Bank* v. *Tyndale*, 176 Mass. 547, 548. *Humphrey's Case*, 227 Mass. 166. *Gahm* v. *Gahm*, 243 Mass. 374. An express trust cannot be established in land, unless it is in writing. G. L. c. 203, § 1. The oral agreement to make a will cannot be enforced: the statute provides that such an agreement must be in writing. G. L. c. 259, § 5. *Sughrue* v. *Barlow*, 233 Mass. 468.

The contention of the plaintiff that the recital in the defendant's will, wherein it was stated it was made " in accordance with a mutual agreement between my said husband and myself," was sufficient to create in writing an express trust, is not sound. The statement in her will does not declare that a trust existed, or that she held the title under a trust. The terms of the statute, requiring that the creation of a trust in land must be in a writing creating or declaring a trust, were not complied with by the mere reference in the will to a mutual agreement and a recital that the husband by his will gave his estate to his wife. This is not enough to create a trust in land. There is no disclosure of a fiduciary relation between the parties, and there is no statement of facts charging this relation. *White* v. *Bigelow*, 154 Mass. 593, 595. *Putnam* v. *Southworth*, 197 Mass. 270, 273. *Corbett* v. *Gallagher*, 225 Mass. 480. In *Stratton* v. *Edwards*, 174 Mass. 374, and similar cases, the statement in writing was an adequate declaration of the trust. In *Barrell* v. *Joy*, 16 Mass. 221, relied on by the plaintiff, it was said at page 224: " The indenture . . . furnishes conclusive evidence that . . . there was a beneficial interest remaining in Barrell." *Kendrick* v. *Ray*, 173 Mass. 305, is also relied on by the plaintiff. In that case the intention of the testator to establish a trust of some sort was clearly manifested. For the purpose of showing who was the beneficiary and the terms of the trust, evidence of oral and written declarations of the donor were held to be admissible.

An agreement to make a will must be in writing to be enforceable. G. L. c. 259, § 5. It is not enough that there

is a mere memorandum. *Sughrue* v. *Barlow, supra.* In *Edwards* v. *Davis,* 198 Mass. 441, it was said at page 443: " it may be doubted whether a will by which the tenement in question is devised to the plaintiff is any evidence that a contract was made to devise the tenement, especially when " the plaintiff is also residuary legatee. In *Emery* v. *Burbank,* 163 Mass. 326, this language was used: " The words of the statute, . . . If taken literally, . . . are not satisfied by a written memorandum of the contract; the contract itself must be made in writing." Even under a statute where a note or memorandum of the contract may be an adequate compliance with the statute, the memorandum must, by its own terms, or by reference to some other writing, express with reasonable certainty all of the essential elements and conditions of the agreement. *White* v. *Bigelow,* 154 Mass. 593, 595.

The reference in the will was not an adequate declaration of a trust in land, and was not such an agreement to make a will, as the statute required. The conveyance to the defendant was voluntary. Her subsequent refusal to carry out the oral agreement is not a fraud for which relief in equity can be had. *Titcomb* v. *Morrill,* 10 Allen, 15. *Tourtillotte* v. *Tourtillotte,* 205 Mass. 547. *Kennerson* v. *Nash,* 208 Mass. 393. *Kemp* v. *Kemp,* 248 Mass. 354.

The defendant, however, holds the title to the property in question. According to the allegations in the bill, she refuses to hold it in compliance with the agreement made with her husband, the conveyance was without consideration, and the consideration had wholly failed.

Between husband and wife, equitable, as distinguished from contractual, rights, have been enforced. *Ricker* v. *Ricker,* 248 Mass. 549. Coverture is not a defence to fraud practised on the husband or wife by the guilty spouse. See *Lombard* v. *Morse,* 155 Mass. 136; *Frankel* v. *Frankel,* 173 Mass. 214; *Patterson* v. *Patterson,* 197 Mass. 112; *Ciarlo* v. *Ciarlo,* 244 Mass. 453; *Moreau* v. *Moreau,* 250 Mass. 110.

The defendant is not a purchaser for value, and, receiving title as she did under a mutual agreement by which she was to execute a will in favor of her husband, and having repu-

diated that agreement and claiming to hold the estate " free and clear of any claim on the part of the plaintiff," the consideration has wholly failed. " Recovery is allowed in such a case, not as an indirect way of enforcing the contract, . . . but on the ground that the refusal of the defendant to perform constitutes a failure of consideration, and he is therefore bound to make the plaintiff whole for what he has got from him." *Cromwell* v. *Norton,* 193 Mass. 291, 292, 293. *Kemp* v. *Kemp, supra.*

The plaintiff could not maintain an action at law because of the disability of coverture, but relief can be had in equity because the consideration of conveyance has wholly failed. *Woodard* v. *Woodard,* 216 Mass. 1. *Atkins* v. *Atkins,* 195 Mass. 124. In the Atkins case the husband prevailed in a suit in equity against his wife, who repudiated an agreement by which real estate was conveyed to her. In the course of the opinion it was said: " Under these conditions it would be contrary to equity and good conscience that the defendant, who escapes contractual liability by her conjugal relationship, also should be permitted to retain the land. . . . The sale was made, and the title conveyed under the assurance that she would pay the purchase price. Upon repudiation of the contract she ceased to be a purchaser for value, . . . and the plaintiff can maintain this bill for adequate relief." In that case the plaintiff was acting in the twofold capacity as trustee and as his wife's agent, but it was held, page 129, that " The fact that the plaintiff was acting in a representative capacity creates no exception, for he was none the less the defendant's husband because he happened at the same time to be trustee for a stranger . . . if she failed to perform the oral contract of purchase, upon a suit to compel performance and recover the consideration, it is still a suit between husband and wife, and not between strangers." See *Woodard* v. *Woodard, supra; Fitcher* v. *Griffiths,* 216 Mass. 174.

The plaintiff, therefore, on the allegations in his bill, is entitled to relief in equity, and the decree sustaining the demurrer must be reversed and a decree entered overruling the demurrer.

*Ordered accordingly.*