SAIDIE L. BARBOUR *vs.* HARRY LEBARON SAMPSON, executor.

Norfolk.    November 8, 1928. — February 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Husband and Wife. Equity Jurisdiction,* Accounting. *Contract,* Validity. *Trust,* What constitutes. *Equity Pleading and Practice,* Bill, Decree, Amendment.

A wife cannot maintain a suit in equity against the estate of her husband for an accounting as to sums of money lent by her to a partnership of which he had been a member.

In a suit in equity by a woman against the executor of her husband's will, it appeared that she lent money to a partnership of which her husband had been a member; and that, at the direction of the husband but without the wife's knowledge, the partnership paid part of the purchase price of real estate which the husband bought and title to which was taken in the wife's name, and also made another payment which, together with the first payment, equalled the sum lent by the wife. It did not appear what the circumstances of the second payment were, nor whether or not it was received by the husband. The judge who heard the suit ruled that the defendant was not liable to account to the plaintiff for the money so lent by her. *Held,* that the ruling was correct.

Relief cannot be granted in a suit in equity as to matters not raised by the pleadings, although the bill contains a prayer for general relief.

The allegations of the bill in the suit in equity above described were to the effect that the plaintiff gave money to her husband upon the understanding that it was to be invested by him and the investment "held by him to the plaintiff's use." The prayers of the bill were for an accounting as to such money and for general relief. The judge found that the plaintiff also lent a second sum of money to the partnership, which was carried by it in a certain account; that the account subsequently was closed by a payment by the partnership to the husband; and that the wife neither knew of nor received any payments. The judge ruled that the husband received such payment in trust for the wife and that the defendant was liable to account for that amount; and a final decree was entered directing the defendant to pay such amount to the plaintiff. *Held,* that

(1) The decree was erroneous in that it was based on matters not set out in the allegations of the bill;

(2) Upon the facts found, the money repaid by the partnership to the husband was not money paid to him by a third person upon which a trust could be impressed for the benefit of the wife and for which the defendant was liable to account;

(3) Since the plaintiff was not entitled to any relief as to such money, no amendment of the bill to conform to the issues raised at the trial and the facts found by the judge should be allowed by this court;

(4) The decree was reversed.

BILL IN EQUITY, filed in the Superior Court on March 7, 1927, and afterwards amended.

The bill contained allegations that the plaintiff from time to time paid to her husband, the defendant's testator, various sums of money from her separate estate "upon . . . [her husband's] representation and the plaintiff's understanding that said moneys were to be invested by . . . [her husband], and the investment held by him to the plaintiff's use."

The bill contained a prayer for an accounting by the defendant as to such money and a prayer for general relief.

The suit was heard by *Lummus*, J., who found that the plaintiff's husband was one of the members of a partnership; that the plaintiff lent $7,890 to the partnership, which was placed on its books as "Account E"; that Barbour bought real estate, title to which he had transferred from the owner to the plaintiff's name; that the partnership paid a sum of money to the seller on account of the purchase price, which was charged against "Account E"; that "Account E" was closed by other payments by the partnership, the judge being unable to find the circumstances of such payments or whether or not they were received by Barbour; that subsequently the plaintiff lent other money to the partnership which was placed on its books as "Account A"; that "Account A" was closed afterwards by the payment of $3,839.97 by the partnership to Barbour; and that the plaintiff neither knew of nor received any payments under either account.

The judge ruled that the defendant was not liable to account for any of the money carried in "Account E," but

that Barbour received $3,839.97 under "Account A" in trust for the plaintiff and that the defendant was liable to account for that sum; and by order of the judge a final decree was entered directing the defendant to pay the plaintiff $3,839.97, with interest and costs. Both the plaintiff and the defendant appealed.

*B. Morton*, for the plaintiff.

*H. LeB. Sampson*, (*E. A. Howes* with him,) for the defendant.

WAIT, J. The plaintiff, the widow of John A. Barbour, brings this bill in equity against the executor of his will, seeking an accounting of moneys alleged to have been delivered to her husband for investment for her, and payment of the amount found to be due.

Nothing in the agreed facts or in the findings indicates that the transactions attending the deliveries by the wife to the husband were anything other than loans from the wife to a partnership in which the husband was one of the partners. The law in this Commonwealth is established that the wife cannot maintain proceedings either at law or in equity against the husband, or his estate after his death, or the partnership, or surviving partner to compel repayment for money so lent. *Gahm* v. *Gahm*, 243 Mass. 374. *Young* v. *Young*, 251 Mass. 218, 220. *Clark* v. *Patterson*, 158 Mass. 388. The judge who heard the case, however, instead of dismissing the bill, found that in regard to a sum of $3,839.97, received by the husband from the alleged debtor partnership on May 20, 1920, a trust in favor of the wife was impressed, and made a decree directing the payment of this sum with interest to the plaintiff. Both parties appeal.

What has been said disposes of the appeal of the plaintiff. No recovery of the loans can be had.

The defendant's appeal remains to be considered. The decree made is not within the scope of the amended bill. It is based, not upon delivery of money by the wife to her husband for investment, but upon a transaction not set out in any pleading which appeared in the course of the trial. The prayer for general relief does not authorize a decree

which goes beyond the stating part of the bill.  *Bushnell* v. *Avery*, 121 Mass. 148.  *Brooks* v. *Rosenbaum*, 217 Mass. 172, 175.

On this ground, if on no other, the decree is erroneous. The parties, however, have, apparently, presented all the facts relating to the transaction and have argued the law applicable to them.  The plaintiff contends that if by amendment a sound ground for the decree could properly be brought before us, an order, which might result in dismissing the bill, ought not now to be made, but such amendment should be allowed in this court.

Even if we possess the authority, we ought not to exercise it if amendment would be nugatory, as we think this would be.  The cases in which this court has held that equity can grant relief to wife or widow against a husband or his estate have been cases in which there has been fraud; or a failure of consideration; or a receipt of property by the husband from some third person under circumstances establishing a trust relationship; or an obligation binding at its inception. *Powell* v. *Powell*, 260 Mass. 505.  *Young* v. *Young*, 251 Mass. 218.  *Glover* v. *Waltham Laundry Co.* 235 Mass. 330.  *Crosby* v. *Clem*, 209 Mass. 193.

Here there is no such thing.  The property sought to be impressed with a trust was held by the husband, and did not come to him from another.  It was no less his and wholly his, always in his possession, that it had been partnership property of his firm.  The plaintiff never knew of its existence.  No knowledge of any rights as beneficiary of an existing trust in her favor was ever given her by her husband. In such circumstances equity will not assist her.  *Gahm* v. *Gahm, supra.*  The order must be

*Plaintiff's appeal dismissed.*
*Decree reversed.*