The Board of Trustees of the LaGrange Collegiate Institute *v.* Anderson.

---

## The Board of Trustees of the LaGrange Collegiate Institute *v.* Anderson.

Promissory Note.—*College Endowment Fund.—Answer.—Infancy.—Fraud. —Evidence.*—In an action against the maker, on a promissory note executed to the trustees of a college, for the purpose of an endowment fund, and payable on condition that a specified sum should " be secured for " that purpose prior to a date named, wherein the complaint duly alleged that such sum had been fully secured within the time limited, the defendant answered alleging that a portion of such sum so secured consisted of promissory notes executed by infants, as the plaintiff well knew, with intent to defraud the defendant.

*Held*, on demurrer, that the answer is insufficient.

*Held*, also, that the facts alleged in such answer would not be admissible in evidence under the general denial.

*Held*, also, that the plaintiff, by producing promissory notes or other securities of apparently equal rank and value, to the amount specified, would thereby make out a *prima facie* case.

From the LaGrange Circuit Court.

*A. A. Chapin*, for appellant.

*J. D. Ferrall, A. Ellison* and *J. S. Drake*, for appellee.

NIBLACK, J.—The board of Trustees of the Lagrange Collegiate Institute sued William Anderson on a promissory note, as follows:

"$50.00.

" Three years after date, I promise to pay to the trustees of the LaGrange Collegiate Institute the sum of fifty dollars, with interest from date annually, for the purpose of a permanent endowment fund, provided ten thousand dollars shall be secured for the purpose previous to August 15th, 1867.                    WM. ANDERSON.

" GREENFIELD, IND., April 19th, 1866."

The complaint averred that the sum of ten thousand dollars was secured as a permanent endowment fund before the 15th day of August, 1867, and that the note remained due and unpaid.

The defendant answered in six paragraphs.

The first, the general denial, and the rest setting up special matters in defence.

The plaintiff demurred to each paragraph of the answer except the first, but its demurrer was overruled.

The plaintiff then replied to the special paragraphs of the answer, and after some further proceedings, which need not be here noticed, the cause was submitted to a jury for trial.

A verdict was returned for the defendant, and judgment was rendered in favor of the defendent upon the verdict.

Counsel for the appellant brings specially to our attention the question of the sufficiency of the fifth paragraph of the answer.

That paragraph was as follows:

" For a fifth defence to said action, the defendant says, that the whole amount secured to said fund prior to the 15th day of August, 1867, was ten thousand dollars; that, of that ten thousand dollars, one thousand dollars was se-

The Board of Trustees of the LaGrange Collegiate Institute v. Anderson.

cured by promissory notes executed by persons each of whom was under twenty-one years of age at the time said notes were executed, which facts the plaintiff at the time knew, and the plaintiff accepted said notes of said minors with the fraudulent purpose of raising said fund up to ten thousand dollars, knowing that the said minors were not bound to pay any portion of said notes; that the following are the names of said minors, so far as defendant is informed, to wit, George C. Searing and George A. McKinlay."

We are of the opinion, that, under the complaint and the proviso contained in the note sued on, it was sufficient for the plaintiff to produce in evidence notes, or other securities of equal apparent rank and value, similar to the note in suit, which had been obtained previous to, and were under the control of the plaintiff as an endowment fund on, the 15th day of August, 1867, amounting in the aggregate, with the note in suit, to $10,000.00, in order to make out a *prima facie* case under the averment that $10,000.00 had been secured as required by said proviso.

We are also of the opinion, that any special defence, intended as an attack upon the validity of any such notes or other securities, ought to have alleged facts showing that such notes, or other securities, were invalid when the time limited for taking them expired, that is, on the 15th day of August, 1867. By the terms of the note sued upon, the plaintiff had until that time in which to arrange and complete its measures for the securing of the sum required by the proviso.

The note of a minor is voidable only, and not void. It might have been, as charged, that some of the notes, when executed, were voidable by reason of the infancy of the makers, and yet, by the 15th day of August, 1867, had become valid and available securities by some subsequent arrangement between the parties.

In other words, conceding the allegations in the fifth paragraph of the answer to be true, yet the notes executed by the minors may have ceased to be voidable before the said 1£th day of August, 1867. Tested by this rule, that paragraph of the answer was bad on demurrer.

But the appellee contends, that, if there was error in overruling the demurrer to that paragraph, it was nevertheless a harmless error, as the evidence admissible under it might have been given under the general denial.

We can not, however, sustain the position thus contended for by the appellee. Infancy, when set up as a direct defence to an action, must be specially pleaded. We think the same rule ought to be applied to the defence of infancy when interposed collaterally, as in the case at bar. This conclusion seems to us to be supported both by principle and by analogy.

The error committed by the court in overruling the demurrer to the fifth paragraph of the answer appears to us, therefore, to have been a material error, and one for which the judgment will have to be reversed.

Some other questions have been discussed by counsel, but, as they may not again arise in the cause, we have not considered them.

The judgment is reversed, with costs, and the cause remanded for further proceedings.