NATIONAL GRANITE BANK *vs.* THEODORE H. TYNDALE,
administrator.

SAME *vs.* SAME.

Norfolk.    March 16, 19, 1900. — September 6, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Promissory Note made by Wife to Order of Husband — Original Contract —
Money lent or Money had and received — Equity — Estoppel — Allegations
of Bill.*

A promissory note, signed by a married woman, payable to the order of her hus-
band, and indorsed by him, having been avoided by her, the holder can resort
to the original contract and maintain an action on the common counts for money
lent or money had and received.

Equity will not enforce, by means of the doctrine of equitable estoppel, a contract
between husband and wife in the case of a promissory note signed by her, pay-
able to his order and indorsed by him; and in this bill in equity there are no
sufficient allegations to constitute the ground of an estoppel.

A party cannot be relieved in equity, by reason of an estoppel, any more than at
law from the effects of a positive rule of law.

THE FIRST CASE was an action upon three promissory notes,
each for the sum of $5,000, in the form stated in *National
Granite Bank* v. *Whicher*, 173 Mass. 517. The defendant is
the administrator of the estate of Isabella S. Whicher. The
declaration contained counts upon the notes and also counts
for money loaned to the defendant's intestate, for money had
and received, etc.

At the trial in the Superior Court, before *Gaskill*, J., the
plaintiff called the attention of the judge to the fact that the
defendant had set up in his answer to the counts upon the prom-
issory notes the defence that the same were made payable to
the husband of the defendant's intestate, and were therefore
void; that the plaintiff had brought a suit in equity against the
defendant to restrain him from setting up said defence, which
suit was pending; and that the defendant in equity should be
estopped from setting up said defence. The judge ruled that
the plaintiff was not entitled to avail itself, in answer to the
defence alleged by the defendant, of the facts alleged in the bill,

because the facts would not entitle the plaintiff to be absolutely and unconditionally relieved in equity against that defence. The plaintiff excepted.

The plaintiff then offered to show that on December 29, 1891, the date of the execution of the notes, it loaned to the defendant's intestate $15,000, and that at the same time the defendant's intestate gave the plaintiff three promissory notes for $15,000, payable to the order of her husband, T. A. Whicher, and indorsed by him and by L. E. Whicher and by Edward Whicher, being the notes in question; and that subsequently the defendant's intestate repudiated the notes on the ground that the same, having been made payable to her husband and indorsed by him, were void; that the plaintiff had expressly refused to make the loan to L. E. Whicher, T. A. Whicher, and Edward Whicher, or on their individual credit, and made the loan only to the defendant's intestate and on her credit.

The judge ruled that on such a showing the plaintiff could not recover on the common counts as for money loaned or money had and received, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

THE SECOND CASE was a bill in equity to enjoin the defendant from setting up the defence, in the above action at law, brought against his intestate and which he has come in to defend, that the notes therein sued upon were made by the intestate payable to the order of her husband, the contention being, in substance, that the defendant's intestate, having received and kept the proceeds of the notes, was estopped in equity to deny their validity. The defendant demurred to the bill, assigning as ground therefor, among other things, want of equity. The Superior Court sustained the demurrer and dismissed the bill, and the plaintiff appealed to this court.

*R. M. Morse,* ( *C. H. Hanson* with him,) for the plaintiff.

*S. H. Tyng,* (*J. P. Prince* with him,) for the defendant.

MORTON, J. These two cases were argued together. The first is an action at law, and was before this court on the defendant's exceptions in 173 Mass. 517, and it was there held that the maker of the notes being a married woman, and the notes being made payable to the order of her husband and indorsed by him, no action could be maintained on them against her. It

comes before us now on exceptions by the plaintiff to a ruling by the presiding justice that upon the plaintiff's offer of proof an action could not be maintained against the administrator on the common counts for money lent or for money had and received, and to a ruling that the plaintiff was not entitled to avail itself of the facts set up in the bill in equity in answer to the defence that the notes were void because made payable to the husband of the defendant's intestate.  The plaintiff offered to show that on December 29, 1891, it lent the defendant's intestate $15,000, and that at the same time the defendant's intestate gave the plaintiff three promissory notes for $15,000, payable to the order of her husband and indorsed by him and by two other parties; that subsequently the defendant's intestate repudiated the notes on the ground that, having been made payable to her husband and indorsed by him, they were void; and that the plaintiff had expressly refused to make the loan to the other parties or on their individual credit, and made the loan only to the defendant's intestate and on her credit.

We think that the ruling was erroneous.  The offer was to show that the loan was made to the defendant's intestate and on her credit.  This was consistent with the form of the note, of which she was the maker, and of which the other parties were, as between them and the bank, the indorsers.  *Lewis* v. *Monahan*, 173 Mass. 122.  The fact that the note was declared void as to her did not destroy the original transaction or avoid the debt created by the loan to her.  *Walker* v. *Mayo*, 143 Mass. 42.  *Sutton* v. *Toomer*, 7 B. & C. 416.

If the other parties to the note had been co-makers with her, and the loan had been made to all of them, and the note had afterwards been avoided by one of them, there would seem to be no doubt that the payee could have maintained an action against all of them for money had and received or money lent.  *Leonard* v. *First Congregational Society in Taunton*, 2 Cush. 462.  In such a case, the note having been received on the faith that it was the valid note of all, the payee would be " warranted in treating it as a nullity, and resorting to the original contract."  *Leonard* v. *First Congregational Society in Taunton, ubi supra.  A fortiori* ought that to be the case when the liability of the other parties is, as here, collateral and the action is brought against the maker

alone. It is true that the plaintiff could have treated the note as valid as against the other parties, and that if the plaintiff had sued and recovered against the last indorser, for instance, the husband might have been estopped in an action against him by a subsequent indorser to deny the validity of the note. *Roby* v. *Phelan*, 118 Mass. 541. But this action is not against the indorsers, and the counts that we are considering are not upon the note. The only use of the note which the plaintiff can make in relying on those counts is as evidence tending to show the terms on which the loan was made to the defendant's intestate. It cannot recover upon the note and the common counts both; and so far as it relies upon the common counts it must be taken to rely upon the original contract with the maker of the note, and, therefore, to have elected to treat the note as a nullity. In such a case the plaintiff would have no ground of recovery against parties whose only liability as between them and the bank is that of indorsers on the note.

The plaintiff contends, however, that it is entitled to be relieved in equity against the defence that the notes are void because made payable by the defendant's intestate to her husband. Its contention is, in substance, that the defendant's intestate, having received and kept the proceeds of the notes, is estopped in equity to deny their validity. But a party cannot be relieved in equity, we think, by reason of an estoppel any more than at law, from the effect of a positive rule of law. It is the rule of law that controls the conduct of parties, not the conduct of parties the rule of law. To hold otherwise would be to permit parties to set aside at their pleasure, with the aid of a court of equity, the rule of the common law which has been declared and recognized by the Legislature and by this court that contracts between husband and wife are void. It is true that under some circumstances, as, for instance, in the case of trusts and contracts made in contemplation of marriage, contracts between husband and wife have been enforced in equity. See *Frankel* v. *Frankel*, 173 Mass. 214. But in this Commonwealth, whatever may be the rule elsewhere, it never has been held that validity could be given to contracts between husband and wife, or in the analogous case of contracts made during minority, by means of the doctrine of equitable estoppel. See

*Fowle* v. *Torrey*, 135 Mass. 87; *Baker* v. *Stone*, 136 Mass. 405; *Woodward* v. *Spurr*, 141 Mass. 283; *Clark* v. *Patterson*, 158 Mass. 388.

Moreover, there is no allegation in the bill of any conduct or representation, fraudulent or otherwise, on the part of the defendant's intestate whereby the plaintiff was induced to take the notes and part with its money to her, and thus the very foundation of an estoppel, equitable or otherwise, fails. It is consistent with the allegations in the bill that the plaintiff knew that the defendant's intestate was the wife of the payee, and acted in regard to the transaction on its own knowledge. It is manifest that the fact that the notes are void does not of itself entitle the plaintiff to relief. Equity does not undertake to afford relief in all cases where contracts are for any reason void in the form in which they have been entered into.

The result is that in the action at law we think the exceptions should be sustained, and that in the bill in equity the decree sustaining the demurrer and dismissing the bill with costs should be affirmed.　　　　　　　　　　　　　　*So ordered.*