HARRY S. COOMBS

*vs.*

FRED H. COOMBS AND DEBORAH COOMBS.

Androscoggin.     Opinion March 26, 1921.

*Since the enactment of Chap. 157 of the P. L. 1895, the rights of a married woman in the real estate of her husband have been more substantial, and she can not be deprived of such interest without her consent, and without compensation, and its present value may be determined. An agreement to release such interest cannot be enforced in an action at law between them, and a court of equity may refuse to enforce such an agreement.*

In a bill in equity praying for the sale of real estate owned in common and a distribution of the proceeds, where the property does not admit of division between the co-tenants, the purchaser in case of a sale by order of court will take the property free of any claim of the wife of a co-tenant by reason of her rights by descent in her husband's real estate under Sec. 8, Chap. 80, R. S. at least, where she is made or becomes a party to the proceedings.

Since the enactment of Chapter 157 of the P. L., 1895, the rights of a married woman in the real estate of her husband have been viewed by the court as something more substantial than her right of dower at common law. A larger and more valuable right has now been given her. It is an interest that she cannot be deprived of without her consent and without compensation and admits of its present worth being valued.

If she becomes a party to a bill in equity praying for the sale of common property and objects to the sale of her husband's part without compensation to her for her interest in the property, and equity will thereby be done, her rights may be protected and her interest appraised on the basis provided in Sec. 19, Chap. 80, R. S., and ordered paid to her from the proceeds of the sale of her husband's share.

An agreement between husband and wife for the release of her interests in his real estate cannot be enforced in an action at law between them; and where as a consideration for the payment of money such a covenant is contained in an agreement between husband and wife for separation without the intervention of a trustee together with a covenant for the relief of the husband of all future obligations for the support of the wife and their minor children, a court of equity may refuse to enforce it either by way of estoppel, or as a part of a "pecuniary provision" under Sec. 11, Chap. 80, R. S., barring her rights in his property.

The covenant in the agreement in the case at bar to relieve the husband of the future support of his children is inseparable from the rest of the consideration moving to the husband and is of doubtful validity; and in view of the hardships that would flow from the enforcement of the agreement in this case, this court sitting in equity will refuse to lend its aid in its enforcement or permit it to operate as a bar to the wife's rights in the husband's property in these proceedings.

*Held:*

That Deborah Coombs is entitled to receive from her husband's share of the proceeds of the sale the value of her rights in the property to be determined in the manner directed by the sitting Justice.

On appeal. This is a bill in equity praying for a sale of certain real estate held in common by the plaintiff and the defendant, Fred H. Coombs, and for a distribution of the proceeds of the sale. On February 24, 1913, Fred H. Coombs and his wife, the defendant, Deborah Coombs, who had become estranged through the fault of the husband, entered into an agreement in writing for separation which provided that in consideration of two thousand dollars and certain personal property of not great value, she agreed to release all claims of every nature in any property he then owned or might thereafter acquire, and further agreed to maintain herself and their two minor children without any further claim against the husband therefor. The purpose of the bill was to have the court order a sale of the property free of any claim of the defendant, Deborah Coombs, wife of Fred H. Coombs, under Sec. 8, Chap. 80, R. S. The defendant, Deborah Coombs did not object to the sale of the property but claimed a part of the proceeds to be realized from such sale. The cause was heard upon bill, answers, replications and proofs, and the sitting Justice ordered a sale of the property and the proceeds made subject to the rights of the defendant, Deborah Coombs, therein.

From which decree plaintiff appealed.  Appeal dismissed.  Decree of sitting Justice affirmed.

The case is fully stated in the opinion.

*George C. Webber*, for Harry S. Coombs.

*Ralph W. Crockett*, for Fred H. Coombs.

*Pulsifer & Ludden*, for Deborah Coombs.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, JJ.

WILSON, J.  A bill in equity praying for a sale of real estate held in common by the plaintiff and the defendant Fred H. Coombs, and for a distribution of the proceeds of the sale.  The defendant, Deborah Coombs, is the wife of Fred H. Coombs.  In February, 1913, Fred H. Coombs and Deborah Coombs having become estranged, as it appears through the fault of the husband, an agreement for separation was entered into between them, which provided that in consideration of the payment of the sum of two thousand dollars and the giving to her of certain personal property, of no great value, she agreed to release all claims of every nature in any property then owned by the husband and thereafter acquired by him; and also further agreed to maintain both herself and the two minor children born of their marriage without any further claim against the husband therefor, "forever releasing him from all obligations as her husband and father of said children."

The defendant, Fred H. Coombs, now contends:  (1) that a sale by order of the court will convey the premises free of any claim of his wife in the property under Sec. 8, Chap. 80, R. S., that her right of descent being an inchoate right during the lifetime of the husband and contingent upon her surviving him she is not entitled to any part of the proceeds of the sale; (2) that in any event the agreement referred to is a valid existing agreement voluntarily entered into for a pecuniary consideration after marriage and is, therefore, binding on both parties and by reason of the covenant therein to release all claims or rights in any property whether then owned or after acquired by him, she is now precluded thereby from claiming any share in the proceeds of the proposed sale.

To dispose of the second contention first.  A release by the wife to her husband or a covenant to release to him her present interests in his property is ineffectual, *Pinkham* v. *Pinkham*, 95 Maine,

71. A covenant to release her rights in his after acquired property would not form the basis of an action at law between them. *Hobbs* v. *Hobbs*, 70 Maine, 381; *Haggett* v. *Hurley*, 91 Maine, 542. Neither will a court of equity enforce it unless upon equitable grounds and equity will thereby be done. *National Bank* v. *Tyndale*, 176 Mass., 547; *Fowle* v. *Torrey*, 135 Mass., 90.

Neither can the agreement between these parties, without the intervention of a trustee, be upheld as a valid agreement of separation, Story Equity Juris., Vol. 2, Section 1428; *Walker* v. *Walker's Exrs.*, 9 Wall., 743. So, too, an agreement on the part of a wife to relieve her husband of all obligations for the future care and maintenance of their minor children without sanction of the court is viewed with disfavor and is of doubtful validity. *Greenwood* v. *Greenwood*, 113 Maine, 226, 229. If as in this case such a covenant forms an inseparable part of the consideration for an agreement containing other covenants, a court of equity may well refuse to enforce any part of the agreement.

The covenant to maintain herself and children cannot be separated from the covenant to release her interest in her husband's property. Together they form a joint and indivisible consideration for the money and property received by her, nor can the covenant for the maintenance of the children be separated from either of the others. There is nothing in the case from which the court may fairly infer that this agreement would have been entered into by the husband without the covenant on her part to relieve him of the future obligation of maintaining their children, or that it formed any lesser part of the consideration than the relief from future maintenance of the wife, or the release of her interest in his property.

As a "pecuniary provision," therefore, entered into after marriage, by reason of its doubtful validity and the consequent hardship that, owing to the financial and physical conditions of the wife, will now flow from its enforcement, we think this court sitting as a court of equity should not lend its aid in that behalf, or permit it to be set up as a bar to any rights she may have in the proceeds of the sale.

As to the effect of a sale by a court of equity in proceedings of this nature, we are of the opinion that the weight of authority holds that at least where the wife is made a party, her rights, whether

of dower or of descent, are barred and the title passes to the purchaser free of any claims therefore leaving her to her rights, if any, in the proceeds of the sale.

The authorities, however, are not in entire accord as to her rights to any share of the proceeds of such sale. When her interest was only that of dower, her rights were ever jealously guarded by the courts, and in *Littlefield* v. *Paul*, 69 Maine, 527, 533 the court held that only by the methods provided in the statutes could she be barred of her rights. "She was entitled to dower unless she was barred in one of the modes named in the statutes." Since the enactment of Chapter 157 of the Laws of 1895, her rights have been viewed by this court as something more substantial than under her right of dower at common law. As the court said in *Whiting* v. *Whiting*, 114 Maine, 382, "A larger and more valuable right has now been given her . . . It is an interest that she cannot be deprived of without her consent, without compensation. It is an interest which can be valued. If she refuses to release her interest by joinder in a deed with her husband, her interest may be determined and the value thereof ordered paid to her." By the same statute which gave her this larger right, provision was made for determining its value in case of a sale against her consent and her refusal to join in the deed, Sec. 19, Chap. 80, R. S.

In the instant case the rights of the wife have not been barred by any of the modes recognized in the statute. As a party to this cause she objects to the sale by judicial process without compensation to her for her interest in the property. The statutes have recognized that at all times it has a measurable value. We think that equity and good conscience requires that under the circumstances existing in this case her rights be protected and the value of her interest be set out to her from the proceeds of the sale. Nor was the sitting Justice without precedent for so holding.

In speaking of her dower at common law Washburn in his work on Real Property, Vol. 1, Page *158, says: "The wife of a tenant in common holds her inchoate right of dower so completely subject to the incidents of such an estate, that she not only takes her dower out of such part only of the common estate as shall have been set out to her husband in partition, but if, by law, the entire estate should be sold in order to effect a partition she loses by such sale all claim to the land, although no party to the proceedings. But

as will hereafter be shown, she is allowed in some cases in equity to share in the proceeds of such sale." Citing *Lee* v. *Lindell*, 22 Mo., 202, *Warren* v. *Twilley*, 10 Md., 39. Also see *Greiner* v. *Klein*, 28 Mich., 11, *De Wolfe* v. *Murphy*, 11 R. I., 630.

We are therefore of the opinion that the sitting Justice was warranted in ordering the sale of the property and the proceeds made subject to the rights of the defendant, Deborah Coombs, therein, and that the method of determining the value of her interest was a proper one.

Entry will be:

> *Appeal dismissed.*
> *Decree of sitting Justice*
> *affirmed.*