(109 So. 576)

## COMMERCIAL CREDIT CO. v. WARD & SON AUTO CO. (4 Div. 129.)

(Court of Appeals of Alabama. Feb. 2, 1926. Rehearing Denied May 11, 1926. Reversed on Mandate Aug. 31, 1926.)

**1. Bills and notes ☞171.**

A qualified indorsement of a note as an indorsement without recourse does not, under Code 1923, § 9064, and in view of section 9091, destroy negotiability.

**2. Infants ☞52.**

A note of an infant, until repudiated by him, is valid.

**3. Bills and notes ☞537(1).**

In action against indorser for breach of warranty of maker's capacity to execute note, where no evidence was offered that maker refused to pay it because he was a minor, general affirmative charge for defendant was proper.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Action by the Commercial Credit Company against J. R. Ward, doing business in the name of Ward & Son Auto Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded, on authority of 109 So. 574.

Certiorari awarded by the Supreme Court in Commercial Credit Co. v. Ward & Son Auto Co., 109 So. 574.

W. W. Sanders, of Elba, and London, Yancey & Brower, Al. G. Rives, and W. M. Windham, all of Birmingham, for appellant.

Under a qualified indorsement, an indorser warrants that all prior parties had capacity to make a valid contract. Henderson v. Fox, 5 Ind. 489; 8 C. J. 395; Hurst v. Chambers, 12 Bush. (Ky.) 155; 1 Daniel, Neg. Inst. (5th Ed.) 638. The warranty is breached in the mere fact that the maker is an infant. Henderson v. Fox, supra; 1 Daniel, 176, 536, 639; 2 Atkins, 181. There is no duty upon the indorser to first sue the maker before bringing suit against the qualified indorser. Bernitz v. Stratford, 22 Ind. 322; Buchanan v. Berkshire Life Ins. Co., 96 Ind. 510; Cravens v. Hopson, 7 Ky. (4 Bibb.) 286.

J. Morgan Prestwood, of Andalusia, for appellee.

A minor's contract is voidable merely. Bell v. Burkhalter, 176 Ala. 62, 57 So. 460; Smoot v. Ryan, 187 Ala. 396, 65 So. 828; Craig v. Van Bebber, 100 Mo. 584, 13 S. W. 906, 18 Am. St. Rep. 569.

SAMFORD, J. [1] Was count 1 subject to the demurrer? A qualified indorsement constitutes the indorser a mere assignor of the title of the instrument. It may be made by adding to the indorser's signature the words, "without recourse." Such indorsement does not destroy its negotiability. Code 1923, § 9064.

Every such indorser, hereinabove mentioned, warrants: (1) That the instrument is genuine in all respects that it purports to be. (2) That he has a good title to it. (3) That all prior parties have power to contract. Code 1923, § 9091.

[2] The insistence by appellant is that the maker of the transferred paper was a minor and for that reason incapacitated to make a negotiable note. The text in Randolph Com. Paper, § 265, cited by appellant, seems to be authority for this contention, but the weight of authority is to the effect that bills of exchange and promissory notes given by minors are voidable only and not void, and being personal may or may not be pleaded in a suit on the note. In other words, until repudiated by the infant, such paper is held to be valid. Bell v. Burkhalter, 176 Ala. 62, 57 So. 460; Smoot v. Ryan, 187 Ala. 396, 65 So. 828; La Grange, etc., v. Anderson, 63 Ind. 367, 30 Am. Rep. 224; Burke v. Allen, 29 N. H. 106, 61 Am. Dec. 642. In R. C. L. p. 1086, the text states, "In some jurisdictions however, the courts hold that the making of a negotiable instrument by a minor is a void act," but the single case cited in support of the text, i. e. Nat. Granite Bank v. Tyndale, 176 Mass. 547, 57 N. E. 1022, 51 L. R. A. 447, refers to the married woman's act and not to minors. In line with the foregoing authorities, the trial court properly sustained demurrers to the first count.

[3] No demurrer was filed to the second count, and therefore we express no opinion as to its sufficiency. As to this count the court gave the general charge for defendant. Under this count and the pleadings under which issue was joined it was incumbent on plaintiff to offer evidence tending to prove that Stanley, the maker of the note had, "refused to pay said note on the ground that at the time of the execution of said note he was a minor."

There was no evidence to sustain this allegation, and therefore the affirmative charge was properly given for defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.

PER CURIAM. Reversed and remanded, on authority of Commercial Credit Co. v. Ward & Son Auto Co., 109 So. 574.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes