## GEORGE F. BUTLER vs. AMELIA A. IVES.

Berkshire.   Sept. 9, 1884. — April 6, 1885.   C. ALLEN & COLBURN, JJ.,
absent.

In 1871, a husband advanced money to his wife for the benefit of her separate estate, and she, in consideration thereof, made a promissory note payable to A. or bearer, and executed to A., as security therefor, a mortgage of a parcel of land.  A. assigned the mortgage to the husband, and delivered the note to him. The husband afterwards, during the life of the wife, assigned the note and mortgage to B., who entered to foreclose the mortgage, and brought a writ of entry, against a person claiming under the wife, to recover possession of the land.  *Held,* that the writ could be maintained.

WRIT OF ENTRY, dated February 21, 1883, to recover a parcel of land in Sandisfield.  Trial in the Superior Court, without a jury, before *Rockwell,* J., who found for the demandant, and reported the case for the determination of this court.  The facts appear in the opinion.

*B. Palmer & H. C. Joyner,* for the tenant.

*J. Dewey,* for the demandant.

MORTON, C. J.   The demandant claims title under a mortgage made by Abigail Curtiss.   The report states that the title to the demanded premises is now in the tenant, unless the demandant has a valid title.

During the coverture, the husband of the mortgagor advanced money for the benefit of her separate estate, and she, in consideration thereof, on February 17, 1871, made a note, and a mortgage of her separate estate, to one Seeley, for the benefit of her husband, the note being payable to said Seeley or bearer. Seeley assigned the mortgage to the husband, and delivered the note to him at some time during the life of the mortgagor.   The husband afterwards, on May 21, 1877, and during the life of the wife, assigned the note and mortgage to the demandant, who entered to foreclose the mortgage.

The tenant contends that the transfer to the husband extinguished and discharged the note and mortgage, so that the assignment to the demandant conveyed nothing to him.   Such a result is palpably unjust, and subversive of the intentions and purposes of all the parties to the transaction.

At common law the note would have been void *ab initio*, because a married woman had not the legal capacity to make such a contract; and the mortgage, being only as security for the note, would also have been void. *Heburn* v. *Warner*, 112 Mass. 271. So, at common law, if the note had been valid in its inception, as if, for instance, it had been given before marriage, when the husband became the legal and equitable owner of the note, it would have been extinguished, and regarded as paid. The reason for this was, that, at common law, husband and wife were regarded as one, and one of the incidents of this unity or identity was that the husband was entitled to the personal property and choses in action of the wife, and to the rents and income of her real estate, and was liable to pay her debts. If he took up such a note, as he was the party by law bound to pay it, it operated in law as a payment and extinguishment of the note.

But our statutes have made great changes as to the rights and liabilities of married women. Under them no one doubts that the note and mortgage in question were valid while in the hands of Seeley, although the entire beneficial interest in them was vested in the husband. Under the present law, the husband is not entitled to the property of the wife, and is not liable for her debts contracted before marriage, or for those contracted after marriage in relation to her separate estate, and therefore the main reason for the rule that a debt of the wife is extinguished when he becomes the owner has ceased to exist.

It is true that our statutes provide that they shall not be construed to authorize a married woman to make contracts with her husband, or to authorize suits between husband and wife. Pub. Sts. *c.* 147. She cannot now make a contract directly with her husband, such as a note payable to him. Such a contract is void *ab initio*. *Roby* v. *Phelon*, 118 Mass. 541. But it does not follow that every contract made by the wife which is valid in its inception becomes invalid or extinguished because by subsequent events the husband becomes the owner of it. It has been held that, if a woman makes a mortgage to secure the debt of a third person, and subsequently marries the mortgagee, the mortgage is not extinguished or discharged. *Bemis* v. *Call*, 10 Allen, 512. So, if a wife holds a mortgage, and the equity

of redemption is conveyed to her husband, the mortgage is not extinguished. *Tucker* v. *Fenno*, 110 Mass. 311. In each of these cases, the relation of mortgagor and mortgagee existed between husband and wife during coverture, and the right to foreclose the mortgage was held to be suspended because of the incapacity of a husband or wife to maintain a suit against the other. The policy of our legislation has been to enlarge the rights and liabilities of married women as to property, and to impair the unity or identity of interest between husband and wife which existed at common law. As the laws have destroyed this unity, the incidents or consequences of the unity ought not to continue to operate. The reason for the rule that a note of a wife is extinguished and paid if the husband becomes the owner of it having ceased to exist, the rule itself ought not to remain in force.

In the case at bar, a married woman made a note and mortgage, valid in their inception, which were afterwards assigned to her husband; the consideration went to the benefit of her separate estate; the note has never been paid in fact; as the husband was never liable to pay the note, the assignment to him was not a payment by operation of law, and we do not think that such assignment extinguished and discharged the note and mortgage. It is more consistent with justice, with the intentions and equities of the parties, and with the spirit of the existing laws, to hold that in such case the note is not paid and extinguished, although the right to enforce it by suit is suspended.

We are therefore of opinion that the assignment of the note and mortgage to the demandant was valid, and he, being under no disability, had the right to foreclose the mortgage.

We are aware that the reason given for the decisions in *Chapman* v. *Kellogg*, 102 Mass. 246, and *Abbott* v. *Winchester*, 105 Mass. 115, is inconsistent with the view we have taken. The reason stated is, that there can be no valid contract between husband and wife. All the cases cited in support of this view are cases where contracts were made directly between husband and wife, which were void *ab initio*. We are unable to concur in the reasoning upon which those cases were decided. We are not aware of any case in this Commonwealth in which it has

been held that, where a valid note has been given, secured by a mortgage, the mortgage is discharged, and the property revested in the mortgagor, merely because the note and mortgage have been assigned to the husband or wife of the maker.

In *Model Lodging House Association* v. *Boston*, 114 Mass. 133, a husband made a mortgage to secure his promissory note, and then conveyed the equity; the mortgage and note were afterwards assigned to his wife. It was held that the assignment to the wife did not extinguish the mortgage, and that a transfer of it by the wife to a third party was valid.

We are therefore of opinion, in the case at bar, that the assignments of the note and mortgage to the demandant were valid, and that his proceedings of foreclosure gave him a good title.                     *Judgment for demandant.*