SARAH A. CALDWELL *vs.* HERBERT NASH & others.
HENRY L. CALDWELL *vs.* SAME.

Suffolk.    December 6, 1905. — March 1, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Husband and Wife.    Bills and Notes.    Insolvency.*

A promissory note payable to the order of the son of the maker and by him indorsed to the wife of the maker, delivered by the maker to his wife in payment for money borrowed from her by him, the son having no beneficial interest in the transaction, is void in equity as well as at law.

The authority given to the Court of Insolvency by Pub. Sts. c. 157, § 35, R. L. c. 163, § 44, to expunge claims is without limitation of time, and the power thus unlimited applies to cases of composition. R. L. c. 163, §§ 154, 167.

Where in accordance with the terms of a composition with creditors confirmed by the Court of Insolvency assets of the debtor remain in the possession of the assignees after the discharge of the debtor, to secure the payment of the notes given to creditors in pursuance of the composition, it is the duty of the assignees to render an account to the court, and such an account is not filed too late because necessarily after the discharge. In such an account the assignees may be allowed a reasonable compensation for their services under Pub. Sts. c. 157, § 56.

KNOWLTON, C. J.    These are appeals from decrees of a single justice dismissing two bills in equity.    The first of these cases is a suit under R. L. c. 163, § 17, to set aside a decree of the Court of Insolvency expunging the proof of a claim of the plaintiff, which previously had been allowed against the insolvent estate of her husband, Henry L. Caldwell.    This claim was founded on three promissory notes made by the debtor, payable to the order of his son Henry L. Caldwell, Jr., and by him indorsed to the plaintiff.    These notes were never filed in the Court of Insolvency, but were referred to in the affidavit of the plaintiff on which they were proved as being attached to a proof of a claim against the estate of Henry L. Caldwell, Jr., and the testimony of the assignees was that they never saw them until the hearing of this case in the Supreme Judicial Court.

The evidence tended to show that these notes were given by the debtor to his wife, for money borrowed of her by him. They were said to represent an account for borrowed money which appeared upon his books, and there was no evidence that

Henry L. Caldwell, Jr. had any relation to the transactions except to put his name upon the back of the notes. If these notes, with the indorsements upon them, were given by the debtor to his wife for borrowed money, they were void. A husband cannot make a contract of this kind with his wife. *Roby* v. *Phelon,* 118 Mass. 541. *Fowle* v. *Torrey,* 135 Mass. 87. *National Granite Bank* v. *Whicher,* 173 Mass. 517. *National Granite Bank* v. *Tyndale,* 176 Mass. 547. *Woodward* v. *Spurr,* 141 Mass. 283. *National Bank of Republic* v. *Delano,* 185 Mass. 424. The indorsement of the son, Henry L. Caldwell, Jr., appears to have been merely for accommodation, and does not affect the validity of the notes between the maker and his wife to whom they were delivered in consideration of money lent. The case is not like *Spooner* v. *Spooner,* 155 Mass. 52, where the note was made and delivered as a valid contract with a third person, upon a consideration moving from the wife.

The evidence does not show an equitable liability on the part of the debtor which was provable against his estate. There was simply an attempt of husband and wife to contract with each other, which cannot be effectual, either at law or in equity. *Fowle* v. *Torrey,* 135 Mass. 87. *Woodward* v. *Spurr,* 141 Mass. 283. *National Granite Bank* v. *Tyndale,* 176 Mass. 547.

It seems plain that the original proof was erroneous, and that it was expunged properly, unless the court had lost its power to grant the petition by reason of the lapse of time. The authority to expunge such a proof is given in broad terms, without limitation of time. Pub. Sts. c. 157, § 35. R. L. c. 163, § 44. Section 154 of R. L. c. 163, expressly makes this authority applicable to cases of composition. General authority to make orders in cases of composition is also very broad, and is unlimited in time. St. 1884, c. 236, § 12. R. L. c. 163, § 167.

The conditions had not so changed after the erroneous proof as to make the proof immaterial. By a peculiar and unusual provision in the offer of composition which was confirmed by the court, the assets of the debtor were to remain in the possession of the assignees, and be held by them to secure the payment of the notes given to creditors in pursuance of the composition. At the time of the decree expunging the proof, the note, given to the plaintiff under the composition, had not been fully paid,

and the assignees had not sufficient money in their hands to pay it, after deducting the amount due them for their services. There was, therefore, a good reason for an application to the court to correct the error made in the original allowance of the claim. The bill to set aside the decree of the Court of Insolvency was dismissed rightly.

The second case is a suit, brought under the same statute as the other, to set aside a decree of the Court of Insolvency allowing the account of the assignees of the estate of Henry L. Caldwell. The principal objection to this decree is that the account was filed too late. We have already seen that, by the terms of the composition, the duties of the assignees were to continue after the confirmation of the composition, and after the discharge of the debtor. It appears that the assignees have assets of the estate in their hands. Under these circumstances it was plainly their duty to render an account to the court. Pub. Sts. c. 157, § 59. *Wilson* v. *Boylston National Bank,* 170 Mass. 9.

Nor is there any reason why they should not be allowed proper compensation for their services. Pub. Sts. c. 157, § 56. *Wilson* v. *Boylston National Bank, ubi supra.* In each case the entry must be,

*Decrees affirmed.*

*W. C. Cogswell,* for the plaintiffs.
*C. P. Greenough & J. Codman,* for the defendants.