SARAH A. MacKEOWN vs. FRED LACEY, executor.

Essex.　November 6, 1908. — January 6, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Bills and Notes.　Assignment.　Husband and Wife.*

The indorsement and delivery of a non-negotiable promissory note operate as an
assignment of the note, and under R. L. c. 173, § 4, the indorsee can sue on the
note in his own name as assignee.

It is now settled law in this Commonwealth that the marriage of the maker of a
valid promissory note to the payee does not extinguish the note or render it void.

MORTON, J.　The instruments declared on were promissory
notes, though not negotiable, and were given by the defendant's
testator to the payee for money lent by her to him before their
marriage.　Interest was paid on them by him to within a few
days of the marriage.　After the marriage the notes remained
in the possession of the payee, but no interest was paid or de-
manded.　After the testator's death the notes were indorsed by
the payee to the plaintiff, and were duly delivered by her to
the plaintiff and thereupon this action was brought.　No money
or other consideration was paid for the transfer of the notes, and
the plaintiff was cognizant of the facts in regard to them.　The
defendant asked the judge * to rule that the plaintiff was not
entitled to recover.　The judge refused so to rule and found
for the plaintiff for the full amount claimed.　The case is here
on exceptions by the defendant to the refusal to rule as re-
quested and to the finding in favor of the plaintiff.

The indorsements operated as assignments of the notes to the
plaintiff, (*Hill* v. *Lewis*, 1 Salk. 132; 2 Ames, Cases on Bills &
Notes, 100, n. 1,) and under St. 1897, c. 402, (R. L. c. 173, § 4,)
which was in force at the time of the transfer and when the
action was brought, the assignee could sue in her own name.
The notes were valid in their inception, and whatever may have
been the law formerly it must now be regarded as settled in this
Commonwealth that the subsequent marriage of the maker and
payee did not extinguish them or render them void.　*Butler* v.

* *Bond*, J.

*Ives*, 139 Mass. 202. *Spooner* v. *Spooner*, 155 Mass. 52. *Chapman* v. *Kellogg*, 102 Mass. 246, and *Abbott* v. *Winchester*, 105 Mass. 115, were disapproved if not overruled in *Butler* v. *Ives*, *supra*. It is still the law that husband and wife are incompetent to contract with each other. *Caldwell* v. *Nash*, 190 Mass. 507. But at the time when these notes were made the parties were not husband and wife and that rule, therefore, does not apply.

*Exceptions overruled.*

*P. R. Clay*, for the plaintiff, was not called upon.

*J. P. Sweeney*, for the defendant.