CHARLES W. CROSBY *vs.* VERNAL E. CLEM.

Suffolk.    March 20, 1911. — May 19, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Husband and Wife.    Mortgage,* Of personal property.

A wife may take and hold by transfer a note and mortgage upon which her husband is primarily liable, without extinguishing either, and, while she cannot herself enforce such obligations against her husband during his life, she may transfer them without consideration to a third person who in his own name can enforce them at her request.

A wife at the request of her husband paid the purchase price of a stock of merchandise conveyed to him. Thereafter, differences arising between them, the husband paid to the wife a certain amount of money and executed and delivered to the wife's brother a promissory note for the entire amount previously advanced by her, and, to secure the note, a mortgage on the merchandise and additions that had been made thereto. The brother immediately indorsed the note in blank, executed an assignment of the mortgage and delivered the note, the mortgage and the assignment to the wife, who retained them for a year and two months and then without consideration delivered the note and assigned the mortgage to the brother, who began foreclosure proceedings. The husband brought a bill in equity to enjoin the foreclosure. *Held,* that the bill must be dismissed, it being of no consequence under the circumstances that, immediately upon the delivery of the note and mortgage by the husband to the brother, the brother transferred them to the wife, or that the note was made for a past consideration.

RUGG, J.    This is a suit in equity * to restrain the foreclosure of a mortgage of personal property. The bill alleges that the

---

* The bill was filed in the Superior Court on November 28, 1910. The suit was heard by *Pierce,* J., who ordered a decree for the plaintiff. The defendant appealed.

plaintiff executed a mortgage of personal property to the defendant, and that it was assigned afterwards to the wife of the plaintiff. A judge of the Superior Court found as facts that in May, 1908, the wife of the plaintiff, at her husband's request, paid $2,000 from her private property as the purchase price for the conveyance to the plaintiff of a stock of goods. Later, trouble having arisen between the two and the wife having filed a libel for divorce, an agreement was made that the husband should give to the wife $500, and to the defendant, who was the wife's brother, a note for the $2,000 so advanced by her to be secured by a mortgage on what remained of the stock of goods bought with her money and subsequent purchases, and that the wife should suspend the divorce proceedings. This arrangement was carried out on September 18, 1909. The note and mortgage were executed accordingly, and made payable and delivered to the defendant. He immediately indorsed the note in blank, and assigned the mortgage to the plaintiff's wife, and delivered them to her. She thereafter retained possession of them until November 18, 1910, when she assigned the mortgage to the defendant without consideration, who commenced the foreclosure.*

It is settled in this Commonwealth that even under recent statutes a husband cannot contract directly with his wife. But it has been repeatedly decided that since the removal of the common law disabilities of a wife there is nothing in law to prevent the husband from executing and delivering to a third person a valid note, mortgage or security for money advanced by her to the husband or for his benefit. A wife may take and hold a transfer of a note or mortgage against her husband without extinguishing either. *MacKeown* v. *Lacey*, 200 Mass. 437. The wife cannot enforce such obligations against her husband in her own name during his life, but she may against his estate after his death, and she may transfer a good title to others during his life. The note and mortgage were valid at their inception, having been, as alleged in the bill and found by the court, executed and delivered to a third person. This legality was not impaired by the fact that they were at once assigned to the wife. If the transaction is genuine, as in this case, the length of time during which

---

* The trial judge in his memorandum stated that the foreclosure proceedings were begun "at the wife's request."

the title is held by the third person is of no consequence, though, where the facts are controverted, this element may be significant evidence. It has not been argued that the mortgage and the note are affected because given in the course of an adjustment of other difficulties between husband and wife, one element of which was a suspension of divorce proceedings already begun. See *Merrill* v. *Peaslee*, 146 Mass. 460 ; *Newsome* v. *Newsome*, L. R. 2 P. & D. 306. Apparently this was severable, relating to a distinct matter, where the strongly equitable claim of the wife for security for the money advanced from her own estate was recognized and established. Nor is it of consequence that the consideration was past and executed, as no rights of creditors are involved.

*Caldwell* v. *Nash*, 190 Mass. 507, is plainly distinguishable in its facts. In that case it was said, " The evidence tended to show that these notes were given by the debtor to his wife . . . and there was no evidence that Henry L. Caldwell, Jr. [the nominal payee] had any relation to the transactions except to put his name upon the back of the notes. If these notes, with the indorsements upon them, were given by the debtor to his wife for borrowed money, they were void." The course followed in the execution of the note and mortgage here in question was in substance the same as in *Spooner* v. *Spooner*, 155 Mass. 52, where (as was said in *Caldwell* v. *Nash*) " the note was made and delivered as a valid contract with a third person upon a consideration moving from the wife." It is not necessary to determine whether if no mortgage and note had been given, the wife might have secured in equity relief for the money advanced for the benefit of the plaintiff. See *Atkins* v. *Atkins*, 195 Mass. 124, 128, and cases cited. The case is within the principle of *Butler* v. *Ives*, 139 Mass. 202, *Atlantic National Bank* v. *Tavener*, 130 Mass. 407, *Holmes* v. *Winchester*, 133 Mass. 140, *Model Lodging House Association* v. *Boston*, 114 Mass. 133, and *Degnan* v. *Farr*, 126 Mass. 297.

*Decree reversed; bill dismissed.*

The case was submitted on briefs.

*C. R. Elder*, for the defendant.

*J. H. Vahey & P. Mansfield*, for the plaintiff.