ELIZA DELVAL *vs.* OSCAR D. GAGNON & another.

Bristol.    October 28, 1912. — December 11, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DeCOURCY, JJ.

*Husband and Wife.  Equity Jurisdiction,* To reach and apply equitable assets,
Equitable lien.  *Equitable Lien.  Attorney at Law.*

Money lent by a woman, as the administratrix of an estate, to a man whom she
afterwards marries may be recovered from her husband by one to whom she has
assigned the claim after her marriage.

It here was assumed, without deciding it, that a claim upon a verdict against a de-
fendant in an action of tort for the conversion of personal property, on which no
judgment has been entered, is property, which, in a suit in equity brought under
R. L. c. 159, § 3, cl. 7, by a creditor of the plaintiff in the action of tort, can be
reached and applied to the payment of a debt due from such plaintiff.

An agreement made by the plaintiff in an action of tort for the conversion of per-
sonal property, who has obtained a verdict on which no judgment has been en-
tered, with the attorney at law who conducted the case for him, that the proceeds
of the judgment about to be entered on the verdict shall be taken by the attorney

on account of such plaintiff's indebtedness to him for services and disbursements in that and other litigation, with the intention of giving the attorney a charge upon this specific fund as security for the sum due him, creates as between the parties a right in the nature of a lien enforceable in equity, and, where there is no intimation that the agreement was made in bad faith, the claim upon the verdict, thus appropriated to the payment of the debt to the attorney, cannot be reached and applied by a suit under R. L. c. 159, § 3, cl. 7, to the payment of a debt due to another creditor of such plaintiff.

BILL IN EQUITY, filed in the Superior Court on August 8, 1911, under R. L. c. 159, § 3, cl. 7, by the assignee, under an assignment in writing from Julie Monneret, otherwise Julie Gagnon, as the administratrix of the estate of Louis Monneret, of a claim against the defendant Gagnon, seeking to reach and apply to the payment of the plaintiff's claim a verdict, and the judgment about to be entered thereon, in favor of the defendant Gagnon against the defendant Legare.

The case was submitted to *Crosby*, J., upon an agreed statement of facts, as follows:

The Julie Monneret referred to in the plaintiff's bill was the wife of the defendant Gagnon. Her real name was Julie Gagnon. She was married to the defendant Gagnon on January 25, 1906. She previously had been married to one Louis Monneret, who died intestate on August 10, 1904, leaving as his heirs and next of kin Julie Monneret and one minor son, Gaston Monneret. Julie Monneret was appointed administratrix of her deceased husband's estate on September 2, 1904. No inventory or account ever was filed by her in the Probate Court. As such administratrix she had funds in her hands amounting to about $2,000. In August, 1905, she lent the defendant Gagnon $300. In October and December, 1905, the defendant Gagnon repaid $100 of this amount. In February, 1906, she lent the defendant Gagnon, to whom she then was married, $110 out of the funds of the estate of Louis Monneret as the defendant Gagnon knew.

On July 12, 1907, Julie Gagnon brought a libel for divorce, which on March 10, 1908, was dismissed. On March 19, 1908, she brought in the Probate Court a petition for a decree that she was living apart from her husband, the defendant Gagnon, for justifiable cause, and for an allowance. This petition was heard in the Probate Court, and, on appeal of the defendant Gagnon, in the Superior Court, and a decree was made as prayed for.

Subsequently other proceedings and hearings were had in the Probate Court on the matter of the allowance. On June 17, 1907, Julie Gagnon, under the name of Julie Monneret, brought a suit in equity, as administratrix of her former husband's estate, in the Superior Court against her husband, the defendant Gagnon, for money lent. In this suit the defendant demurred, alleging that the plaintiff could not maintain the suit against her husband. The demurrer was sustained and the plaintiff appealed. The plaintiff failed to enter her appeal, and a final decree dismissing the bill with costs was entered on November 11, 1910.

On October 8, 1908, the defendant Gagnon obtained a verdict for $175 damages against the defendant Legare, a deputy sheriff, in an action of tort for conversion for attaching household furniture in the above suit of Monneret *v.* Gagnon. Exceptions were filed by the defendant Legare, on the allowance of which hearings were had. The exceptions were not allowed and finally were waived, and judgment was entered on October 2, 1911.

In all of these proceedings L. Elmer Wood, Esquire, an attorney at law, appeared as counsel for the defendant Gagnon. There was due to him from the defendant Gagnon, apart from taxable costs, for disbursements made by him for the defendant in the case of Gagnon *v.* Legare, $4.46, and for services as such attorney rendered in that case, $79. There also was due him for services as such attorney and disbursements in the other proceedings mentioned above the sum of $185.83.

In June, 1911, the defendant Gagnon proposed to his attorney Mr. Wood that the latter should take the proceeds of the judgment to be obtained in the action against the defendant Legare, and apply it to the amount due to Mr. Wood from Gagnon for services and disbursements in the case against the defendant Legare and for all other amounts due as aforesaid from Gagnon to Mr. Wood. This proposition was accepted by Mr. Wood.

On July 22, 1911, Julie Gagnon, under the name of Julie Monneret, was by license of the Probate Court authorized to sell and assign her claim as administratrix against her husband, the defendant Gagnon, for money lent, and on that day by an assignment, a copy of which was annexed to the bill, she assigned the claim to the plaintiff in this case.

The defendant Gagnon had no other goods or effects.

The judge found and ruled that the plaintiff was not entitled to the relief prayed for in her bill, and ordered that a decree be entered dismissing the bill. From the decree entered in accordance with this order the plaintiff appealed.

The case was submitted on briefs.

*D. R. Radovsky & F. A. Pease,* for the plaintiff.

*L. E. Wood,* for the defendant Gagnon.

DeCourcy, J. This is a bill to reach the verdict obtained in the action of Gagnon v. Legare and to apply it in satisfaction of a debt alleged to be due from Gagnon to the plaintiff Delval. The case is here on an appeal from the decree of the Superior Court dismissing the bill.

Unquestionably the balance due upon the loan made by Mrs. Gagnon to the defendant Gagnon before her marriage to him can be recovered by her assignee; and that exceeds the amount of the verdict. *MacKeown* v. *Lacey,* 200 Mass. 437. *Crosby* v. *Clem,* 209 Mass. 193.

Further, we assume, without deciding, that the verdict in the Legare case is "property" of Gagnon that can be reached by equitable attachment under R. L. c. 159, § 3, cl. 7. A right of action for personal injuries is not assignable either at law or in equity, and hence a verdict in such a case before judgment does not come within the operation of the statute. *Bennett* v. *Sweet,* 171 Mass. 600. But a right of action for a tortious act occasioning injury to property, such as the conversion of personal property, is assignable and can be reached and applied to the payment of debts. *Rice* v. *Stone,* 1 Allen, 566. *Pettibone* v. *Toledo, Cincinnati & St. Louis Railroad,* 148 Mass. 411. 4 Cyc. 24, and cases cited.

Nevertheless the trial judge was warranted in dismissing the bill. It appears from the statement of agreed facts that two months before the filing of this bill it was expressly agreed between Gagnon and his attorney Mr. Wood that the proceeds of the judgment about to be obtained in the action against Legare should be taken by Wood on account of Gagnon's indebtedness to him for services and disbursements in that and other litigation. It was not a mere promise to pay the attorney out of the proceeds of the judgment. Even without the agreement he would have a lien for his fees and disbursements in that action. R. L. c. 165, § 48. *Bruce* v. *Ander-*

*son,* 176 Mass. 161. There appears with reasonable certainty an intention to give to Wood a charge or incumbrance upon this specific fund as security for the sum due him; in fact as the indebtedness exceeded the amount of the verdict and judgment, there was virtually an appropriation of the fund to him. As between the parties this created in favor of Wood a right to have the identical fund subjected to the payment of his debt; — a right in the nature of a lien and enforceable in equity. 3 Pom. Eq. Jur. § 1235. *Coram* v. *Davis,* 209 Mass. 229. *Westall* v. *Wood,* 212 Mass. 540. The plaintiff cannot avail herself of the fact that notice of this equitable lien was not given to the debtor Legare. Nor is there any suggestion in the agreed facts that the agreement whereby the fund in question was to be regarded as security for the indebtedness of Gagnon was made in bad faith, or for the purpose of defeating the rights of other creditors. As between the rights of the present plaintiff and those of Wood, no such superior equities are shown in her favor as would entitle her in these proceedings to reach and appropriate this special fund.

*Decree affirmed.*