MARY M. W. GAHM, executrix, *vs.* CLIFFORD J. GAHM & others.

Norfolk.   December 13, 1922. — January 4, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Husband and Wife.   Bills and Notes*, Validity.   *Probate Court*, Jurisdiction.

An executor or administrator cannot be authorized under the provisions of G. L. c. 197, § 2, to pay to the widow of the decedent any portion of the principal or interest of a note given by the decedent to her during their married life for money lent to him by her out of her separate estate, such note being void.

PETITION, filed in the Probate Court on May 18, 1921, by the executrix of the will of Joseph A. Gahm, late of Brookline, seeking leave under R. L. c. 141, § 2, as amended by St. 1904, c. 165 (see now G. L. c. 197, § 2), to pay to the testator's widow (who also was the executrix) the principal and interest upon four notes of the testator payable to her in the aggregate amount of $19,500.

The facts were agreed upon and the petition was heard by *Flint*, J. He, being of the opinion that the petition should not be allowed, found that it should be dismissed, and, at the request of the parties and in accordance with the provisions of G. L. c. 215, § 13, reserved and reported the case and all questions of law therein for determination by this court.

G. L. c. 197, § 2, reads as follows: "If an executor or administrator who has given due notice of his appointment does not within six months thereafter have notice of demands against the estate of the deceased sufficient to warrant him to represent such estate to be insolvent, he may, after the expiration of said six months, pay the debts due from the estate and shall not be personally liable to any creditor in consequence of such payments made before notice of such creditor's demand; and if such executor or administrator is in doubt as to the validity of any debt which, if valid, he would have a right to pay under this section, he may, with the approval of the probate court, after notice to all persons interested, pay such debt or so much thereof as the court may authorize."

The case was submitted on briefs.

*W. R. Sears & C. M. Gordon*, for the petitioner.

*J. W. Allen*,-Attorney General, & *C. R. Cabot*, Assistant Attorney General, for the Treasurer and Receiver General.

RUGG, C.J.  The petitioner, widow of the late Joseph A. Gahm, during their married life lent to him out of her separate estate considerable sums of money, which he used in his business, for which he gave to her his notes payable to her order and on which he paid to her interest semiannually until shortly before his death. This petition is brought by the widow in her capacity as executrix of the will of her deceased husband, being in doubt as to the validity of these notes or debts, to be allowed to pay the same or so much thereof as the court may authorize. G. L. c. 197, § 2.

The common law disabilities of married women as to the making of contracts have been removed by statute so that they now can contract and sue and be sued in the same manner as if single, subject, however, to the limitation that contracts and suits between husband and wife are not permissible but stand on the same footing as heretofore. G. L. c. 209, §§ 2, 4, 6. This is true even under the workmen's compensation act. *Humphrey's Case*, 227 Mass. 166. A promissory note or other contract for the payment of money lent by the wife to the husband is absolutely void. It is a nullity. It cannot be enforced against the husband. *National Bank of the Republic* v. *Delano*, 185 Mass. 424. *National Granite Bank* v. *Whicher*, 173 Mass. 517. *Atkins* v. *Atkins*, 195 Mass. 124, and cases cited at page 128. *Leavitt* v. *Wintman*,

234 Mass. 248, 250. It makes no difference in this particular whether recovery is sought of the spouse directly or of his estate. *Kneil* v. *Egleston,* 140 Mass. 202. *Clark* v. *Royal Arcanum,* 176 Mass. 468. *Hayes* v. *Gill,* 226 Mass. 388. It has been said repeatedly in effect that equity affords no relief in the enforcement of such contracts. A court of chancery cannot impart validity to that which the law declares void. *Woodward* v. *Spurr,* 141 Mass. 283. *Fowle* v. *Torrey,* 135 Mass. 87. *Clark* v. *Patterson,* 158 Mass. 388. *National Granite Bank* v. *Tyndale,* 176 Mass. 547, 550. *Caldwell* v. *Nash,* 190 Mass. 507. These principles are decisive against the petitioner.

There is jurisdiction in equity over suits between husband and wife to secure her separate property, to prevent fraud, to relieve from coercion, to enforce trusts and establish other conflicting rights concerning property. *Frankel* v. *Frankel,* 173 Mass. 214. *Woodard* v. *Woodard,* 216 Mass. 1. *Fitcher* v. *Griffiths,* 216 Mass. 174. *Carpenter* v. *Carpenter,* 227 Mass. 288. *English* v. *English,* 229 Mass. 11. *Daniels* v. *Daniels,* 240 Mass. 380. But none of these decisions affords ground for the contention that suit can be maintained between husband and wife on a simple contract between them for the payment of money without some circumstance raising equitable considerations.

The case at bar is distinguishable from decisions where an obligation valid at its inception has been enforced by the wife against the estate of her deceased husband, of which *Crosby* v. *Clem,* 209 Mass. 193, is an illustration.

Our own law is so firmly settled upon this point that it is not worth while to examine the decisions of other jurisdictions to which our attention is invited by the brief of the petitioner.

*Petition dismissed.*