CHARLES E. GILES vs. JULIA GILES.

Middlesex. March 11, 14, 1932. — May 20, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Husband and Wife. Equity Jurisdiction,* Suit between husband and wife.

A wife cannot maintain a suit in equity against her husband, from whom she is living apart but is not divorced, to recover money lent by her to him before the marriage, where it does not appear that fraud or coercion was exercised by the husband to obtain the loan, or that there was created in the transaction any trust relation or any situation calling for the establishment of the wife's rights in her separate property or of conflicting rights concerning property.

A final decree dismissing such a suit without prejudice was proper, there thus being reserved to the wife a right to enforce her claim by means other than such a suit that might be open to her.

BILL IN EQUITY, filed in the Superior Court on January 30, 1931, by a husband against his wife, and described in the opinion.

A counter claim set up by the wife, and facts found by *Broadhurst,* J., who heard the suit, are described in the opinion. The defendant appealed from a final decree dismissing the bill and the counter claim without prejudice.

*J. M. Raymond,* for the defendant.

*J. B. Slye,* for the plaintiff.

CROSBY, J. This is a suit in equity brought by the plaintiff against his wife to recover certain personal property, which, he alleges, belongs to him and had been concealed by the defendant so that the plaintiff was without an adequate remedy at law. The answer as amended denied the allegations of the bill, and by way of a cross bill seeks to recover two sums of $5,000 each, which were lent by the defendant to the plaintiff before their marriage.

The trial judge found that they were married on September 27, 1927, and lived together in this Commonwealth until December 8, 1930, when they separated, and have since lived apart but have not been divorced. The judge

made the further finding that the plaintiff is not entitled to the personal property described in the bill. He found that on August 6, 1927, and again on August 30, 1927, the defendant lent these two sums to the plaintiff on his promise to repay them; that an action at law brought by Mrs. Giles against her husband to recover the loans had been abated on his plea on the ground that she was not entitled to maintain such action against her husband. In her answer in the present suit the defendant, among other grounds for relief, asks that his debt to her be established. The judge ruled that she was not entitled to recover under her answer, although she might assign her claim to a third person who could maintain an action thereon at her request, or she could maintain an action against his estate if she survived him, or if the disability of coverture were removed by divorce, she could maintain an action at law against him. Accordingly, a final decree was ordered to be entered dismissing the bill, and the defendant's counterclaim without prejudice, with costs to neither party. The defendant appealed from this order and from the final decree.

It is settled in this Commonwealth that the subsequent marriage of the parties did not extinguish the debt or render it void. *MacKeown* v. *Lacey*, 200 Mass. 437. *Crosby* v. *Clem*, 209 Mass. 193. *Delval* v. *Gagnon*, 213 Mass. 203. This principle of law was recognized by the trial judge by his ruling that the claim could be assigned to a third person who could maintain an action thereon, or that the defendant could maintain an action thereon against her husband's estate, or that she could maintain an action against him if they were separated by divorce. It was said in *Crosby* v. *Clem*, 209 Mass. 193, at page 194: "It is settled in this Commonwealth that even under recent statutes a husband cannot contract directly with his wife. But it has been repeatedly decided that since the removal of the common law disabilities of a wife there is nothing in law to prevent the husband from executing and delivering to a third person a valid note, mortgage or security for money advanced by her to the husband or for his benefit." This general rule remains in force except in cases where some special ground for equi-

table relief has been established. The exceptions to the general rule are set forth in *Gahm* v. *Gahm*, 243 Mass. 374, at page 376, where it was said that "There is jurisdiction in equity over suits between husband and wife to secure her separate property, to prevent fraud, to relieve from coercion, to enforce trusts and establish other conflicting rights concerning property." In this connection *Frankel* v. *Frankel*, 173 Mass. 214, and other cases were cited. As to those citations it was further said: "But none of these decisions affords ground for the contention that suit can be maintained between husband and wife on a simple contract between them for the payment of money without some circumstance raising equitable considerations." The facts found in the present case failed to establish any of the special grounds for equitable relief enumerated in *Gahm* v. *Gahm*, 243 Mass. 374. There was no evidence or finding to indicate fraud or coercion exercised by the plaintiff to obtain the loan, and the judge expressly found that the plaintiff did not practise any fraud in the transaction. There is no evidence that the plaintiff held the money lent in trust for his wife, *English* v. *English*, 229 Mass. 11, nor that the claim of the defendant is to secure her separate property or to establish conflicting rights concerning property; see *Carpenter* v. *Carpenter*, 227 Mass. 288. It is plain that the relation between the plaintiff and the defendant is that of debtor and creditor, and, apart from the fact that the parties are husband and wife, the defendant would have an adequate remedy by an action at law. When the money was lent a debt was created for which the defendant could then have maintained an action at law; it was not the separate estate of the wife. The marriage did not change it into something of a different character. The case is governed in principle by *Fowle* v. *Torrey*, 135 Mass. 87, *Woodward* v. *Spurr*, 141 Mass. 283, *Frankel* v. *Frankel*, 173 Mass. 214, *Crosby* v. *Clem*, 209 Mass. 193, *Gahm* v. *Gahm*, 243 Mass. 374, and *Weidman* v. *Weidman*, 274 Mass. 118; and is plainly distinguishable from *Atlantic National Bank* v. *Tavener*, 130 Mass. 407, *Atkins* v. *Atkins*, 195 Mass. 124, *Young* v. *Young*, 251 Mass. 218, and cases cited at

page 221. So far as decisions of other jurisdictions are contrary to what is here decided, we do not follow them. The mere circumstance that the loan was made by the defendant to the plaintiff before their marriage does not affect the result. To hold otherwise would be contrary to the express terms of G. L. c. 209, § 6, and what was decided in the recent case of *Weidman* v. *Weidman*, 274 Mass. 118, where it was said at page 122: "The statutes of this Commonwealth enlarging the rights of married women and narrowing their legal limitations do not in general authorize actions or suits between husband and wife. But for the fact that the parties to the present suit are husband and wife, the natural remedy for the wrong alleged in the bill would be an action at law to recover the money said to be due to the plaintiff. Such an action at law cannot be maintained between husband and wife. *Golder* v. *Golder*, 235 Mass. 261. That mere circumstance is not ground for relief in equity. It is provided by G. L. c. 209, § 6, that a 'married woman may sue and be sued in the same manner as if she were sole; but this section shall not authorize suits between husband and wife.' That is the general rule." The foregoing statements are applicable to the present case.

It results that the rulings and order for decree, and the final decree, should be affirmed.

*Ordered accordingly.*