LOUIS A. ZWICK *vs.* ABRAHAM GOLDBERG & others, administrators.

Suffolk.    April 6, 7, 1939. — September 16, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Report, Parties, Discontinuance. *Husband and Wife.*

After a general verdict for the plaintiff had been set aside and a new trial ordered, the trial judge had no power to report the action to this court under G. L. (Ter. Ed.) c. 231, § 111, for determination of the propriety of previous denials of motions by the defendant that a verdict be ordered in his favor at the close of the evidence and that a verdict be entered in his favor under leave reserved.

Under G. L. (Ter. Ed.) c. 231, § 111, a judge of the Superior Court had authority to report for determination the propriety of his denial of a motion, presented at the close of the evidence, to dismiss the action although a verdict thereafter returned for the plaintiff was set aside and a new trial was ordered.

The mere fact that the wife of the plaintiff was one of three administrators who were defendants in an action to enforce a liability arising solely from conduct of the intestate did not make the action a nullity in its inception, and where, before the close of the trial, her resignation as an administratrix had been accepted and the plaintiff had discontinued as to her, a motion to dismiss the action, thereafter filed, properly was denied.

CONTRACT. Writ in the Superior Court dated August 31, 1936.

Action on several motions was reported by *Greenhalge*, J.

*J. C. Johnston,* (*M. L. Sherin* with him,) for the defendants.

*N. H. Kolodny,* for the plaintiff.

RONAN, J. The plaintiff seeks to recover from the estate of one Goldberg, his father-in-law, for money alleged to have been collected and retained by Goldberg while he was an employee of the plaintiff. The original defendants were the three administrators of the estate of Goldberg. One of them, Annie Zwick, was the plaintiff's wife. At the close of the evidence, the defendants' motions to dismiss the action and to direct a verdict for them were denied. The jury returned a verdict for the plaintiff and leave was reserved to enter a verdict for the defendants. The defendants excepted to the refusal to enter a verdict in their favor in accordance with the leave reserved. The judge granted the defendants' motion for a new trial on the grounds that the verdict was against the evidence and the weight of the evidence. He reported to this court his rulings denying the motion to dismiss, the motion to direct a verdict for the defendants and the motion to enter a verdict for the defendants in accordance with leave reserved, with the stipulation that if there was error in any of these three rulings, then judgment was to be entered for the defendants, otherwise there was to be a new trial.

The denial of the motion to direct a verdict for the defendants and the denial of the motion to enter a verdict for them in accordance with leave reserved are not properly before us. The power of the judge of the Superior Court to report questions of law concerning both of these motions is to be determined by G. L. (Ter. Ed.) c. 231, § 111, which requires that there must be a verdict, or a finding of the facts by the Superior Court or an agreement as to all the material facts. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519. *Comstock* v. *Soule,* 303 Mass. 153. No one of these prerequisites is present in the instant case. The verdict has been entirely set aside. Nothing remains of it.

The ruling setting aside the verdict is not reported and is not now open for determination. Each motion presented the same question, which was the sufficiency of the evidence to warrant its submission to the jury. That question ceased to be a live issue when the verdict was set aside. Moreover, the evidence at the second trial may not be the same as that presented at the first trial. In these circumstances neither motion could furnish an adequate basis for a report to this court. *Nagle* v. *Driver*, 256 Mass. 537. *Paulino* v. *Concord*, 259 Mass. 142. *Pillsbury Flour Mills Co.* v. *Bresky*, 263 Mass. 145. The case is distinguishable from cases in which verdicts have been set aside only as to certain issues, *Simmons* v. *Fish*, 210 Mass. 563, *Mathewson* v. *Colpitts*, 284 Mass. 581, or where action on the motion for a new trial has been held in abeyance until the determination of certain questions of law by this court, *Fuller* v. *Andrew*, 230 Mass. 139, *Keough* v. *E. M. Loew's, Inc.* 303 Mass. 364, or where the verdict has remained undisturbed pending a decision upon the question whether a verdict for the defendant ought to have been entered. *Moore* v. *Amesbury*, 268 Mass. 462. *Potter* v. *Dunphy*, 297 Mass. 345.

The report states that the judge was of opinion that his decision denying the motion to dismiss ought to be determined by this court before any further proceedings are had in the trial court. This was an interlocutory matter, unaffected by the setting aside of the verdict and which the judge in his discretion was authorized by G. L. (Ter. Ed.) c. 231, § 111, to report before other proceedings were had. It was a matter upon which a ruling might be decisive of the case. *United Drug Co.* v. *Cordley & Hayes*, 239 Mass. 334. *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8. *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167.

The grounds of this motion ought to have been shown by the record. We assume from the argument that its basis was that one of the defendants was the wife of the plaintiff. She was one of the original defendants. Before the close of the trial her resignation as one of the administrators had been accepted by the Probate Court. The

motion to dismiss was filed at the close of the evidence and apparently after the plaintiff had filed a discontinuance as to his wife.

A motion to dismiss must be based upon matters appearing on the face of the record. *Adams* v. *Richardson*, 268 Mass. 78. *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167. *Cochrane* v. *Cochrane*, 303 Mass. 467. We need not decide whether the marital relationship between the plaintiff and one of the defendants did in fact appear from the record since we prefer to treat the motion, as the parties apparently did, as raising the question whether the action should be dismissed on this account. *Brotkin* v. *Feinberg*, 265 Mass. 295. *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495. Similar motions in actions of tort between husband and wife have been allowed. *Lubowitz* v. *Taines*, 293 Mass. 39. *Johnson* v. *Johnson*, 303 Mass. 204.

It is a principle of the common law that one spouse cannot sue the other in an action at law. *Golder* v. *Golder*, 235 Mass. 261. *Giles* v. *Giles*, 279 Mass. 284. We assume that this principle applies where one spouse is acting only in a representative capacity. It has been held that a party to an action in his representative capacity is a different person in law from the same individual in his private capacity. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566. *Eaton* v. *Walker*, 244 Mass. 23. *Cook* v. *Howe*, 280 Mass. 325. We need not examine the grounds upon which these decisions rest because none of them was an action between husband and wife. It was said in *Atkins* v. *Atkins*, 195 Mass. 124, 129, where a husband as trustee under a will brought a bill in equity to compel his wife to reconvey property she had bought from the trustee and for which she had declined to pay the purchase price, that "The fact that the plaintiff was acting in a representative capacity creates no exception, for he was none the less the defendant's husband because he happened at the same time to be trustee for a stranger." *Freitag* v. *Bersano*, 123 N. J. Eq. 515.

The plaintiff's cause of action is not based upon any con-

tract made by him with the defendants. His claim is against the estate on account of the alleged conduct of the intestate. His claim is single, not joint and several, and in an action at law to enforce it all the representatives of the estate should be made parties defendant, as the powers and duties of the administrators are joint. *Cobb* v. *Kempton,* 154 Mass. 266. *Talbot* v. *Bush,* 251 Mass. 27. The validity of the plaintiff's cause of action does not depend upon the identity of the administrators, but the enforcement of his claim by an action at law might be barred, if the common law principle of unity between husband and wife is to be applied. *Eastman* v. *Wright,* 6 Pick. 316. *Bemis* v. *Converse,* 246 Mass. 131.

The plaintiff in an action at law, where there is no counterclaim and where there has been no reference to an auditor, has the right at any time before trial to discontinue the action, *Marsch* v. *Southern New England Railroad,* 235 Mass. 304; *Alpert* v. *Mercury Publishing Co.* 272 Mass. 39, or to discontinue against some of the parties defendant. *Matheson* v. *O'Kane,* 211 Mass. 91. *Jacobs* v. *Brown,* 259 Mass. 232. When the resignation of the plaintiff's wife as one of the co-administrators had been accepted by the Probate Court and, in the absence of an appeal, became final upon the date of its acceptance, she ceased to act further in that capacity. She had no right to continue to defend the action and no judgment could be rendered against her. *National Bank of Troy* v. *Stanton,* 116 Mass. 435. *Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515.

Our statute, G. L. (Ter. Ed.) c. 209, § 6, granting certain privileges and rights to a married woman does not in terms prohibit suits between her and her husband. It simply provides that "this section shall not authorize suits between husband and wife." Suits in equity between husband and wife have been maintained "to secure her separate property, to prevent fraud, to relieve from coercion, to enforce trusts and establish other conflicting rights concerning property." *Gahm* v. *Gahm,* 243 Mass. 374, 376, and cases cited.

We do not think that this action in its original form was a mere nullity. This is not a case where the wife was the

sole defendant.  The two other original defendants possessed no personal immunity from suit by the plaintiff and, by the discontinuance as to the defendant wife, became the only remaining defendants.  The plaintiff's cause of action remained unchanged.  We think the case is distinguishable from cases in which subsequent action of the court could not revive a proceeding which from the beginning lacked any vitality, *Brooks* v. *Boston & Northern Street Railway,* 211 Mass. 277; *Bateman* v. *Wood,* 297 Mass. 483, or which was brought beyond the scope of or contrary to the provisions of a statute.  *Hester* v. *Brockton,* 251 Mass. 41. *Poorvu* v. *Weisberg,* 286 Mass. 526.  The case at bar bears some analogy to those decisions where a plaintiff on account of some personal incapacity is prevented from prosecuting an action until such an impairment is removed. It was held in *Giles* v. *Giles,* 279 Mass. 284, which was a bill in equity brought by a husband against his wife, that she could not maintain a counterclaim for money lent by her to him; but, it appearing after a rescript following the first trial that the wife had secured a divorce, she was permitted to set this fact up in her answer and was then held entitled to maintain her counterclaim.  *Giles* v. *Giles,* 293 Mass. 495.  It was said at page 499: "Where the disability of a party to maintain a suit has been cured, there is commonly no reason why the cause should not proceed to final adjudication."  The principle is of wide application.  *Hayden* v. *Attleborough,* 7 Gray, 338.  *Jaha* v. *Belleg,* 105 Mass. 208.  *Smith* v. *Carney,* 127 Mass. 179. *Chamberlayne* v. *Nazro,* 188 Mass. 454.  *Friedenwald Co.* v. *Warren,* 195 Mass. 432.  *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank,* 196 Mass. 458.  *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.* 208 Mass. 593. *Lee* v. *Fowler,* 263 Mass. 440.

The plaintiff had a cause of action and we do not think that its enforcement should be barred by the common law principle of the unity and identity of husband and wife, when that formal objection has been removed.  *Butler* v. *Ives,* 139 Mass. 202.  *Spooner* v. *Spooner,* 155 Mass. 52. *MacKeown* v. *Lacey,* 200 Mass. 437.  *Crosby* v. *Clem,* 209

Mass. 193. The action is no longer an adversary one between husband and wife, and the immunity to suit in actions between them cannot be extended to the estate, the real defendant. *Pittsley* v. *David*, 298 Mass. 552, and cases cited.

The ruling denying the motion to dismiss was right and, in accordance with the stipulation contained in the report, the case is remanded to the Superior Court for a new trial.

*So ordered.*