Conceicao **PATULEIA**

v.

**Rufino PATULEIA and Standard Accident Insurance Company.**

Civ. A. No. 52–514.

United States District Court,
D. Massachusetts.

Jan. 4, 1955.

17. Sec. 16, 1933 Act; Sec. 28, 1934 Act.

Antonio de J. Cardozo, Boston, Mass., for plaintiff.

Killion, Connolly & William, James F. Connolly, Boston, Mass., for defendant Rufino Patuleia.

J. Haller Ramsey, Boston, Mass., for defendant Standard Acct. Ins. Co.

FORD, District Judge.

Plaintiff brings this action for an accounting against her husband and against the surety on his bond as guardian. Jurisdiction is based on diversity of citizenship, it being alleged that plaintiff is now a citizen of California, defendant husband a citizen of Massachusetts and defendant surety a Michigan corporation having a usual place of business in Massachusetts.

The substitute complaint alleges that on August 14, 1944 the individual defendant was appointed plaintiff's guardian by the Superior Court of Alameda County, California, the defendant corporation on the same day becoming surety on his guardianship bond in the penal sum of $5,000. Thereafter, on August 18, 1944, the husband withdrew the sum of $3,030 belonging to plaintiff which she had on deposit in her name in a California bank, and at some time he also cashed United States Savings Bonds be-longing to plaintiff in the amount of $1,-150. Plaintiff and her husband later returned to Massachusetts, where she was confined at the Danvers State Hospital for over a year. She was eventually discharged as cured and competent.

On December 27, 1948, plaintiff made demand upon defendants for an accounting of the moneys received by her husband as guardian. While negotiations were being carried on by counsel for the parties, defendants filed a guardian's account with the California court. (The copy of the account attached to the substitute complaint indicates, however, that it was filed on December 3, 1948, before the date of the alleged demand upon defendants.) This account was allowed and the defendant guardian and his surety discharged by the California court on January 6, 1949. It is alleged that this account was fraudulent in that it falsely represented that plaintiff herself had taken possession of her bank deposit and other property, and that no property of plaintiff had ever come into the hands of her guardian. It is further alleged that no notice of this account or of the filing thereof was ever given to plaintiff or her counsel and that they had no knowledge of it until after the filing of her original complaint in this action.

Both defendants have filed motions for judgment, and numerous grounds have been set forth to support judgment for defendants. It is argued first that the action of the California probate court allowing the final account and discharging the guardian is determinative of the whole matter. The effect to be given to the decree of the probate court and the possibility of obtaining relief therefrom in an independent proceeding is to be determined by California law. It is clear from the California decisions that where a guardian obtains his discharge and the approval of his final account by fraudulently concealing from his ward and from the court the existence of property of the ward coming into his possession as guardian, and further by his fraud prevents another

party from participating in the proceeding or from fully presenting his case, then the aggrieved party may have relief in an independent proceeding in equity. Jorgensen v. Jorgensen, 32 Cal. 2d 13, 193 P.2d 728; Silva v. Santos, 138 Cal. 536, 71 P. 703; Lataillade v. Orena, 91 Cal. 565, 27 P. 924. The plaintiff here states a case for relief under the California rule, since the complaint alleges a fraudulent concealment, at least from the court, of the fact that the guardian had received property of the ward, and also a fraudulent failure to give notice to her of the proceedings for a final accounting and discharge, so that she was unable to present her attack against his account in these proceedings.

█ It is further argued that this is strictly a probate matter of which a federal court will not take jurisdiction. Cf. Carstensen v. United States Fidelity & Guaranty Co., 9 Cir., 27 F.2d 11; Reynolds v. Remick, D.C., 82 F.Supp. 281. This is not a case, however, in which the action of this court would interfere with the administration of a *res* within the control of the probate court. The probate proceeding has been terminated. The gravamen of the complaint is that, because of fraudulent concealment by the guardian, the California probate court never was able to take control of the property involved. Finally, as pointed out in the preceding paragraph, under California law, the relief here sought is not a matter exclusively for the probate court but may be obtained also in an independent equity proceeding. There is no reason why this court in the exercise of its diversity jurisdiction may not afford the same relief that could be given by the equity court in California.

██ It is also contended that this action is barred under Massachusetts law as an action by a wife against her husband. Mass.G.L.Ch. 209, § 6 provides: "A married woman may sue and be sued in the same manner as if she were sole; but this section shall not authorize suits between husband and wife." This section does not forbid such suits, but merely excepts them from the general power otherwise given to a married woman to sue and be sued. Apart from the statutory provision and the general common-law principle that one spouse cannot sue another in an action at law, Massachusetts recognizes the right of a wife to maintain a suit in equity to secure her separate property, to prevent fraud, to relieve from coercion, to enforce trusts and establish conflicting rights concerning property. Zwick v. Goldberg, 304 Mass. 66, 70, 22 N.E.2d 661; Gahm v. Gahm, 243 Mass. 374, 376, 137 N.E. 876. This action by plaintiff to recover her separate property, alleged to have been taken from her by fraud of her husband, is clearly one which she could maintain in an equity suit in Massachusetts.

█ On behalf of the defendant surety company two further grounds are urged, that the action is prematurely brought and that it is at the same time barred by the applicable statute of limitations because not brought within three years after the discharge of the guardian. California Probate Code, § 1487. As to the first of these, it is an established rule in California that no action can be brought against a surety on the bond of a guardian until there has first been a final decree establishing a breach of trust on the part of the guardian and definitely establishing the amount due from him. Until such determination has been made and the guardian has failed to pay the amount due, there is no default on the part of the guardian, and hence no cause of action has as yet arisen against his surety. Such a determination of liability on the part of the guardian here has, of course, not been made as yet, and hence no action can at this time be brought against the surety. Hornaday v. Hornaday, 95 Cal.App.2d 384, 213 P.2d 91, 95; Burns v. Massachusetts Bonding & Insurance Co., 62 Cal.App.2d 962, 146 P.2d 24, 26; Cook v. Ceas, 143 Cal. 221, 77 P. 65, 66. Since the present action against the surety must be dismissed on this ground, it is not necessary to consider whether the discharge of the guardian in 1949, if

obtained fraudulently and without notice to plaintiff, would start the running of the statutory three-year period of limitations.

Defendant Patuleia's motion for judgment is denied. Motion of defendant Standard Accident Insurance Company is allowed without prejudice and as against it the action is dismissed, without costs.